In The

Court of Appeals

For The

First District of Texas

____________________


NOS. 01-07-00713-CR

 01-07-00714-CR

 01-07-00715-CR

____________________


MARCUS MARQUIS PRUITT Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 18Oth District Court 

Harris County, Texas

Trial Court Cause Nos. 1065143, 1065144, 1109842






MEMORANDUM OPINION

 We lack jurisdiction to hear these appeals. Appellant entered a guilty plea (1)
to three separate offenses: possession of a controlled substance, namely cocaine in
cause number 1065143, unlawful possession of a firearm by a felon, in cause number
1065144, and to forgery of a government document in cause number 1121646. Along
with the pleas of guilty, appellant, appellant's counsel, and the State signed a
stipulation of evidence, in each case, which included, among others, the following
statements: "I intend to enter a plea of guilty and understand that the prosecutor will
recommend that my punishment should be set at 2 years TDC; I agree to that
recommendation . . . Further, I waive my right of appeal which I may have should the
court accept the foregoing plea bargain agreement between myself and the
prosecutor." The trial court's judgment in each case is stamped, "Appeal waived. No
permission to appeal granted." 

 In accordance with the terms of appellant's plea bargain agreements with
the State, the trial court sentenced appellant, on July 5, 2008, to confinement for two
years in cause numbers 1015643, 1015644. On July 25, 2008, the trial court entered
a certification of the defendant's right to appeal in each of the above cases that states:
"I, judge of the trial court, certify this criminal case is a plea-bargain case, and the
defendant has no right of appeal." See Tex. R. App. P. 25.2(a). The certification
contains the signature of the trial court judge, the defendant and the defendant's
counsel. 

 Additionally, the record before this court contains a document styled
"Advice of Defendant's Right to Appeal" that is signed and sworn to by the appellant
and states in part: " Texas law gives a defendant convicted of a crime the right to
appeal his conviction. If you pled guilty or no contest and accepted the punishment
recommended by the prosecutor, . . . you cannot appeal your conviction unless this
Court gives you permission. If you waived or gave up your right to appeal, you
cannot appeal your conviction." 

 After the trial court sentenced appellant to punishment that fell within the
terms of the plea bargain agreement in each case, the trial court certified in each case
that the case is a plea- bargain case and the defendant has no right to appeal. 
Appellant filed a notice of appeal but did not request the trial court's permission to
appeal any pre-trial matters, and the trial court did not give permission for appellant
to appeal. Appellant filed a pro se notice of appeal. This appeal followed.

 We conclude that the certification of the right of appeal filed by the trial
court in each case is supported by the record and that appellant has no right of appeal
due to the agreed plea bargains. Tex. R. App. P. 25.2(a). Because appellant has no
right of appeal, we must dismiss this appeals "without further action." Chavez v.
State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

 Accordingly, the appeals in trial court cause numbers 1065148, 1065144,
and 1109842 are dismissed for lack of jurisdiction.

 Any pending motions are denied as moot.

PER CURIAM


Panel consists of Justices Nuchia, Alcala, and Hanks.


Do not publish. Tex. R. App. P. 47.2(b).
1. The record reflects that the appellant waived the right to have a court reporter
record the plea proceedings.