In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-08-00125-CR
____________

JUAN WILLIAM STANFIELD, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 248th District Court 
Harris County, Texas
Trial Court Cause No. 1135432



 
MEMORANDUM OPINION
               We lack jurisdiction to hear this appeal. Appellant, Juan William Stanfield,
pleaded guilty to an indictment that charged him with driving while intoxicated, third
offender, and pleaded true to two habitual enhancement paragraphs that alledged two
prior felony convictions. In accordance with his plea bargain agreement with the
State, the trial court sentenced appellant to confinement for 25 years. Along with the
plea, appellant, appellant’s counsel, and the State signed a stipulation of evidence
which included, among others, the following statements: “I intend to enter a plea of
guilty and understand that the prosecutor will recommend that my punishment should
be set at twenty-five years TDC; I agree to that recommendation . . . Further, I waive
my right of appeal which I may have should the court accept the foregoing plea
bargain agreement between myself and the prosecutor.” The trial court’s judgment
is stamped, “Appeal waived. No permission to appeal granted.” 

                After the trial court sentenced appellant to punishment that fell within the
terms of the plea bargain agreement, the trial court certified that this case is a plea-
bargain case and the defendant has no right to appeal. Appellant did not request the
trial court’s permission to appeal any pre-trial matters, and the trial court did not give 
permission for appellant to appeal. Appellant filed a timely pro se notice of appeal. 
This appeal followed.

               We conclude that the certification of the right of appeal filed by the trial
court is supported by the record and that appellant has no right of appeal due to the
agreed plea bargain. Tex. R. App. P. 25.2(a). Because appellant has no right of
appeal, we must dismiss this appeal “without further action.” Chavez v. State, 183
S.W.3d 675, 680 (Tex. Crim. App. 2006).

               
               Accordingly, the appeal is dismissed for lack of jurisdiction.
               Any pending motions are denied as moot.
PER CURIAM
 
Panel consists of Justices Taft, Jennings, and Bland.
 
Do not publish. Tex. R. App. P. 47.2(b).