In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-08-00536-CR
          01-08-00537-CR
____________

ALFRED CURRY, JR. Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 185th District Court 
Harris County, Texas
Trial Court Cause Nos. 1129243 and 1129244



 
MEMORANDUM OPINION
          We lack jurisdiction to hear these appeals. Appellant entered a guilty plea


 to 
two separate offenses of possession of a controlled substance and pleaded true to two
enhancement paragraphs. Along with his pleas of guilty, appellant, appellant’s
counsel, and the State signed a stipulation of evidence in each case which included 
the following statements: “I intend to enter a plea of guilty and understand that the
prosecutor will recommend that my punishment should be set at 25 years TDC; I
agree to that recommendation . . . Further, I waive my right of appeal which I may
have should the court accept the foregoing plea bargain agreement between myself
and the prosecutor.” The trial court’s judgment is stamped, “Appeal waived. No
permission to appeal granted.” Appellant did not request the trial court’s permission
to appeal any pre-trial matters, and the trial court did not give permission for
appellant to appeal. Appellant gave notice of appeal.

          In accordance with the terms of appellant’s plea bargain agreements with the
State, the trial court sentenced appellant in each case to confinement for 25 years. On
June 2, 2008, the trial court entered certifications of the defendant’s right to appeal
that state: “I, judge of the trial court, certify this criminal case is a plea-bargain case,
and the defendant has no right of appeal.” See Tex. R. App. P. 25.2(a). The
certifications contain the signature of the trial court judge, the defendant and the
defendant’s counsel. 

          We conclude that the certifications of right of appeal filed by the trial court are
supported by the record and that appellant has no right of appeal due to the agreed
plea bargains. Tex. R. App. P. 25.2(a). Because appellant has no right of appeal, we 
must dismiss these appeals “without further action.” See Chavez v. State, 183 S.W.3d
675, 680 (Tex. Crim. App. 2006).Accordingly, the appeals are dismissed for lack of jurisdiction.
          Any pending motions are denied as moot.
PER CURIAM
Panel consists of Justices Taft, Keyes, and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).