COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-278-CR

 

 

CELINDA ANN LEWIS                                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
COUNTY COURT AT LAW NO. 2 OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








On April 21, 2008, Appellant
Celinda Ann Lewis pleaded guilty to assault-bodily injury to a family
member.  Pursuant to a plea bargain
agreement, Lewis was sentenced to 365 days= confinement in the Parker County Jail and ordered to pay a $500
fine.  The trial court suspended
imposition of the jail portion of the sentence and placed Lewis on twelve
months= community supervision.  On that
same day, the trial court entered its certification of Lewis=s right to appeal in accordance with rule 25.2(a)(2).  See Tex. R. App. P. 25.2(a)(2).  The certification states that this Ais a plea-bargain case, and the defendant has NO right of appeal.@

Lewis filed a notice of
appeal on August 1, 2008.  We notified
Lewis=s attorney on August 13, 2008, that the certification indicating that
Lewis had no right to appeal had been filed in this court and that this appeal
would be dismissed unless Lewis or any party desiring to continue the appeal
filed a response on or before August 25, 2008, showing grounds for continuing
the appeal.  See Tex. R. App. P.
25.2(d), 44.3.  Lewis filed a response on
August 28, 2008, indicating that she is attempting to appeal her claimed denial
of counsel and involuntary plea.[2]








Rule 25.2(a)(2) limits the
right to appeal in a plea bargain case to those matters that were raised by
written motion filed and ruled on before trial or to those cases in which the
appellant obtained the trial court=s permission to appeal.  See Tex.
R. App. P. 25.2(a)(2)(A), (B).  Although
Lewis filed a response, she has not indicated that either of these exceptions
apply in this case.  See Chavez v.
State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (AA court of appeals, while having jurisdiction to ascertain whether an
appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must
dismiss a prohibited appeal without further action, regardless of the basis for
the appeal.  Here, appellant had no right
of appeal because he was sentenced pursuant to the agreed terms of a plea
bargain and did not satisfy either of the exceptions stated in Rule 25.2(a)(2).@).

Therefore, in accordance with
the trial court=s
certification that this is a plea-bargain case and that Lewis has no right to
appeal, we dismiss this appeal Awithout further action.@  See Tex. R. App. P.
25.2(a)(2), 43.2(f); Chavez, 183 S.W.3d at 680.

 

PER CURIAM

PANEL: 
HOLMAN, GARDNER, and WALKER, JJ.

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED: 
September 25, 2008  











[1]See Tex.
R. App. P. 47.4.





[2]The
State concedes that Lewis=s
response was timely filed.