NO. 12-08-00408-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




TIMOTHY J. BAKER,
§
 APPEAL FROM THE 188TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 GREGG COUNTY, TEXAS






MEMORANDUM OPINION


PER CURIAM


 Appellant, Timothy Joseph Baker, pleaded guilty, with an agreed punishment
recommendation from the State, to the offense of murder. Appellant signed written plea
admonishments, an agreement to stipulate to evidence, and a judicial confession. The written plea
admonishments included the following:


 4. Permission to Appeal: If the punishment assessed does not exceed the punishment
recommended by the prosecutor and agreed to by you and your attorney the Court must give its
permission to you before you can prosecute an appeal on any matter in the case except for matters
raised by writing [sic] motion filed prior to trial.


Appellant and his counsel also signed a plea bargain agreement, which included an agreed
punishment recommendation. The trial court sentenced Appellant to imprisonment for thirty-five
years, and certified that this "is a plea bargain case, and the defendant has NO RIGHT OF
APPEAL[.]" The trial court's certification is signed by the trial court, Appellant, and Appellant's
counsel. See Tex. R. App. P. 25.2(a)(2). 

 Texas Rule of Appellate Procedure 25.2(a)(2) limits a defendant's right to appeal in a plea
bargain case when he pleads guilty and his punishment does not exceed the punishment
recommended by the prosecutor and agreed to by the defendant. See Tex. R. App. P. 25.2(a)(2). 
Under those circumstances, the defendant may appeal only (1) matters raised by written motion and
ruled on before trial or (2) after getting the trial court's permission to appeal. Id. Here, the trial
court sentenced Appellant in accordance with the agreed punishment recommendation. The trial
court did not give Appellant permission to appeal, and all pretrial motions were agreed upon by the
parties. Therefore, we conclude that the certification of the right of appeal filed by the trial court is
supported by the record and that Appellant has no right to appeal because he was sentenced pursuant
to the agreed terms of a plea bargain and did not satisfy either of the exceptions stated in Rule
25.2(a)(2). (1) Accordingly, we dismiss the appeal "without further action." See Chavez v. State, 183
S.W.3d 675, 680 (Tex. Crim. App. 2006).

Opinion delivered October 22, 2008.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.















(DO NOT PUBLISH)
1. Under the terms of the plea bargain agreement, Appellant expressly "waive[d] the right and [gave] up the time
provided in the Texas Rules of Appellate Procedure to file a motion for new trial, motion for arrest of judgment or notice
of appeal."