Opinion issued January 29, 2009 







 


 





In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-08-00992-CR

____________


 DOUGLAS ALAN KEITH, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 262nd District Court 

Harris County Texas

Trial Court Cause No. 1191295






MEMORANDUM OPINION

 We lack jurisdiction to hear this appeal. Appellant, Douglas Alan Keith,
pleaded guilty to the offense of failure to comply with sexual registration
requirements. In accordance with his plea bargain agreement with the State, the trial
court sentenced appellant to confinement for two years. Along with the plea,
appellant, appellant's counsel, and the State signed a stipulation of evidence which
included, among others, the following statements: "I intend to enter a plea of guilty
and understand that the prosecutor will recommend that my punishment should be set
at two years TDC and I agree to that recommendation...Further, I waive my right of
appeal which I may have should the court accept the foregoing plea bargain
agreement between myself and the prosecutor." 

 After the trial court sentenced appellant to punishment that fell within the
terms of the plea bargain agreement, the trial court certified that this case is a plea-
bargain case and the defendant has no right to appeal. Appellant did not request the
trial court's permission to appeal any pre-trial matters, and the trial court did not give 
permission for appellant to appeal. Appellant filed a timely pro se notice of appeal. 
This appeal followed.

 We conclude that the certification of the right of appeal filed by the trial court
is supported by the record and that appellant has no right of appeal due to the agreed
plea bargain. Tex. R. App. P. 25.2(a). Because appellant has no right of appeal, we 
must dismiss this appeal "without further action." Chavez v. State, 183 S.W.3d 675,
680 (Tex. Crim. App. 2006). Accordingly, the appeal is dismissed for lack of jurisdiction.

 Any pending motions are denied as moot.

PER CURIAM

Panel consists of Justices Jennings, Keyes, and Higley. 

Do not publish. Tex. R. App. P. 47.2(b).