NO. 07-08-0413-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FERUARY 2, 2009

______________________________

JOSEPH LYNN HARRIS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 47
TH
 DISTRICT COURT OF RANDALL COUNTY;

NO. 18957-A; HON. HAL MINER, PRESIDING

_______________________________

Before CAMPBELL, HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

Appellant, Joseph Lynn Harris, filed notice of appeal from his conviction for delivery of a controlled substance and accompanying sentence of seven years incarceration in the Institutional Division of the Texas Department of Criminal Justice and $750 fine.  The certification of defendant’s right of appeal, executed by the trial court and signed by appellant and his trial counsel, states that the case “is a plea-bargain case, and the defendant has NO right of appeal” and "the defendant has waived the right of appeal."  By letter dated January 9, 2009, we notified appellant of this certification and informed him that the appeal is subject to dismissal based on the certification unless, by January 30, 2009, we were provided an amended certification illustrating that he has the right to appeal or appellant demonstrates other grounds for continuing the appeal.  

On January 14, 2009, appellant’s appointed counsel notified this court that, upon review of the plea proceedings, this case was a negotiated plea bargain in which appellant was sentenced in accordance with the plea agreement.  Further, the trial court did not give appellant the right to appeal any outstanding issue nor were there any pretrial motions previously ruled upon by the trial court.  Accordingly, we must, and do, dismiss the appeal.  
Tex. R. App. P.
  25.2(d); 
See
 
also
 
Chavez v. State
, 183 S.W.3d 675, 680 (Tex.Crim.App. 2006) (we must dismiss prohibited appeal without further action).

Mackey K. Hancock

Justice

           

Do not publish.