In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-09-00132-CR 
____________

JOHN WESLEY PEAVY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 180th District Court 
Harris County, Texas
Trial Court Cause No. 1153585 



 
MEMORANDUM OPINION
          We lack jurisdiction to hear this appeal. Appellant, John Wesley Peavy,
pleaded guilty to the offense of burglary of a habitation. In accordance with his plea
bargain agreement with the State, the trial court sentenced appellant to confinement
for 10 years. Along with the plea, appellant, appellant’s counsel, and the State signed
a stipulation of evidence which included, among others, the following statements: “I
intend to enter a plea of guilty and understand that the prosecutor will recommend
that my punishment should be set at 10 years TDC; I agree to that recommendation
. . . Further, I waive my right of appeal which I may have should the court accept the
foregoing plea bargain agreement between myself and the prosecutor.” In addition,
appellant signed a document styled “advice of defendant’s right to appeal” that
included the following admonition “The Court, pursuant to Tex. R. App. P. 25.2,
advises the Defendant as follows: (2) If you pled guilty of no contest and accepted
the punishment recommended by the prosecutor, however, you cannot appeal your
conviction unless this Court gives you permission. If you waived or gave up your
right to appeal, you cannot appeal your conviction.” The advice of defendant’s right
to appeal form was sworn to by appellant and is also signed by the trial court judge.
The trial court’s judgment is stamped, “Appeal waived. No permission to appeal
granted.” 

           After the trial court sentenced appellant to punishment that fell within the
terms of the plea bargain agreement, the trial court certified that this case is a plea-
bargain case and the defendant has no right to appeal. Appellant did not request the
trial court’s permission to appeal any pre-trial matters, and the trial court did not give 
permission for appellant to appeal. Appellant filed a timely pro se notice of appeal. 
This appeal followed.

          We conclude that the certification of the right of appeal filed by the trial court
is supported by the record and that appellant has no right of appeal due to the agreed
plea bargain. Tex. R. App. P. 25.2(a). Because appellant has no right of appeal, we 
must dismiss this appeal “without further action.” Chavez v. State, 183 S.W.3d 675,
680 (Tex. Crim. App. 2006).Accordingly, the appeal is dismissed for lack of jurisdiction.
          Any pending motions are denied as moot.
PER CURIAM
Panel consists of Chief Justice Radack, and Justices Sharp and Taft.


 
Do not publish. Tex. R. App. P. 47.2(b).