In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-09-00525-CR

____________


ANDREW O. CAMPBELL, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 176th District Court 

Harris County, Texas

Trial Court Cause No. 1201951






MEMORANDUM OPINION

 We lack jurisdiction to hear this appeal. Appellant, Andrew O. Campbell, 
pleaded guilty, with an agreed punishment recommendation from the State, to the
offense of possession of a controlled substance, namely cocaine, and pleaded true to
two enhancement paragraphs. In accordance with his plea bargain agreement with
the State, the trial court sentenced appellant to confinement for two years. Along
with the plea, appellant, appellant's counsel, and the State signed a stipulation of
evidence which included, among others, the following statements: "I intend to enter
a plea of guilty and understand that the prosecutor will recommend that my
punishment should be set at 2 years TDC; I agree to that recommendation . . .
Further, I waive my right of appeal which I may have should the court accept the
foregoing plea bargain agreement between myself and the prosecutor." The trial
court's judgment is stamped, "Appeal waived. No permission to appeal granted." 

 After the trial court sentenced appellant to punishment that fell within the
terms of the plea bargain agreement, the trial court certified that this case is a plea-
bargain case and the defendant has no right to appeal. Appellant did not request the
trial court's permission to appeal any pre-trial matters, and the trial court did not give 
permission for appellant to appeal. Appellant filed a timely notice of appeal. 

 We conclude that the certification of the right of appeal filed by the trial court
is supported by the record and that appellant has no right of appeal due to the agreed
plea bargain. Tex. R. App. P. 25.2(a). Because appellant has no right of appeal, we 
must dismiss this appeal "without further action." Chavez v. State, 183 S.W.3d 675,
680 (Tex. Crim. App. 2006). Accordingly, the appeal is dismissed for lack of jurisdiction.

 Any pending motions are denied as moot.

PER CURIAM

Panel consists of Justices Jennings, Alcala, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).