In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-09-00599-CR
____________

SHERMAN DEWAYNE WALLER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 248th District Court 
Harris County, Texas
Trial Court Cause No. 1203906



 
MEMORANDUM OPINION
          We lack jurisdiction to hear this appeal. Appellant, Sherman Dwayne Waller,



pleaded guilty to the offense of possession of a controlled substance, namely cocaine
weighing more than 4grams and less than 200 grams by aggregate weight, including
any adulterants and dilutants. In accordance with his plea bargain agreement with the
State, the trial court sentenced appellant to confinement for 12 years. Along with the
plea, appellant, appellant’s counsel, and the State signed a stipulation of evidence
which included, among others, the following statements: “I intend to enter a plea of
guilty and understand that the prosecutor will recommend that my punishment should
be set at 12 years TDC; I agree to that recommendation...Further, I waive my right of
appeal which I may have should the court accept the foregoing plea bargain
agreement between myself and the prosecutor.” The trial court’s judgment is
stamped, “Appeal waived. No permission to appeal granted.” 

           After the trial court sentenced appellant to punishment that fell within the
terms of the plea bargain agreement, the trial court certified that this case is a plea-
bargain case and the defendant has no right to appeal. Appellant filed a timely pro
se notice of appeal. 

          We conclude that the certification of the right of appeal filed by the trial court
is supported by the record and that appellant has no right of appeal due to the agreed
plea bargain. Tex. R. App. P. 25.2(a). Because appellant has no right of appeal, we 
must dismiss this appeal “without further action.” Chavez v. State, 183 S.W.3d 675,
680 (Tex. Crim. App. 2006).Accordingly, the appeal is dismissed for lack of jurisdiction.
          Any pending motions are denied as moot.
PER CURIAM
Panel consists of Justices Keyes, Hanks, and Bland.
Do not publish. Tex. R. App. P. 47.2(b).