In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-08-00462-CR
____________

GENE AUTRY SHAFFER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 176th District Court 
Harris County, Texas
Trial Court Cause No. 1150814



 
MEMORANDUM OPINION
          We lack jurisdiction to hear this appeal. Appellant, Gene Autry Shaffer,
pleaded guilty to the offense of possession of a controlled substance. In accordance
with his plea bargain agreement with the State, the trial court sentenced appellant to
confinement for 2 years. Along with the plea, appellant, appellant’s counsel, and the
State signed a stipulation of evidence which included, among others, the following
statements: “I intend to enter a plea of no contest and understand that the prosecutor
will recommend that my punishment should be set at 2 years TDC; I agree to that
recommendation...Further, I waive my right of appeal which I may have should the
court accept the foregoing plea bargain agreement between myself and the
prosecutor.” The trial court’s judgment is stamped, “Appeal waived. No permission
to appeal granted.” 

           After the trial court sentenced appellant to punishment that fell within the
terms of the plea bargain agreement, the trial court certified that this case is a plea-
bargain case and the defendant has no right to appeal. Appellant did not request the
trial court’s permission to appeal any pre-trial matters, and the trial court did not give 
permission for appellant to appeal. Appellant filed a timely notice of appeal. This
appeal followed.

          We conclude that the certification of the right of appeal filed by the trial court
is supported by the record and that appellant has no right of appeal due to the agreed
plea bargain. Tex. R. App. P. 25.2(a). Because appellant has no right of appeal, we 
must dismiss this appeal “without further action.” Chavez v. State, 183 S.W.3d 675,
680 (Tex. Crim. App. 2006).Accordingly, the appeal is dismissed for lack of jurisdiction.
          Any pending motions are denied as moot.
PER CURIAM
Panel consists of Justices Jennings, Higley, and Sharp. 
Do not publish. Tex. R. App. P. 47.2(b).