Dismissed and Memorandum Opinion filed November 10,
2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-01046-CR

____________

 

BRADLEY STEPHAN BEASLEY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd
District Court

Harris County, Texas

Trial Court Cause No. 1130832

 



 

M E M O R A N D U M   O P I N I O N

We lack jurisdiction to hear this appeal.  Appellant Bradley
Stephan Beasley pled guilty to the first degree offense of aggravated robbery. 
In accordance with his plea bargain agreement with the State, the trial court
sentenced him to confinement for forty years.  








Contemporaneously with the plea, appellant, appellant=s counsel, and the State signed a
stipulation of evidence which included, among other things, the following
statements: AI intend to enter a plea of guilty and the prosecutor will recommend that
my punishment should be set at 40 years TDCJ-ID and I agree to that
recommendation. . . .  Further, I waive any right of appeal which I may have
should the court accept the foregoing plea bargain agreement between myself and
the prosecutor.@  Appellant also signed the trial court=s advice of defendant=s right to appeal, which included,
among other things, the following statement: AThe Court, pursuant to Tex. R. App.
P. 25.2, advises the Defendant as follows: . . . 2. If you plead guilty .
. . and accepted the punishment recommended by the prosecutor, however, you cannot
appeal your conviction unless this Court gives you permission.@  

After the trial court sentenced appellant to punishment that
fell within the terms of the plea bargain agreement, the trial court certified
that this case is a plea-bargain case and the defendant has no right to
appeal.  Appellant filed a motion for new trial.  The trial court held a
hearing on appellant=s motion for new trial and denied appellant=s motion.  The trial court certified
that this case is a plea-bargain case and the defendant has a right to appeal
matters Araised by written motion filed and
ruled on before trial, and not withdrawn or waived.@  Appellant filed a timely notice of
appeal, appealing the trial court=s denial of his motion for new trial.

We conclude that the certifications of the right to appeal filed
by the trial court are supported by the record and that appellant has no right
to appeal except for pre-trial matters due to the agreed plea bargain.  Tex. R.
App. P. 25.2(a).  Because appellant does not appeal any pre-trial matters, we
must dismiss this appeal Awithout further action.@  See Chavez v. State,
183 S.W.3d 675, 680 (Tex. Crim. App. 2006). 

Accordingly, we dismiss the appeal for lack of jurisdiction.

 

 

 

/s/      William
J. Boyce

Justice

 

Panel consists of Chief Justice Hedges, and Justices Anderson and
Boyce.