In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-09-00937-CR
____________

DONTE JERMAIL CAMPBELL, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 209th District Court 
Harris County, Texas
Trial Court Cause No. 1165312



 
MEMORANDUM OPINION
          We lack jurisdiction to hear this appeal. Appellant, Donte Jermail Campbell,
pleaded guilty to the offense of aggravated assault. In accordance with his plea
bargain agreement with the State, the trial court sentenced appellant to confinement
for 20 years. Along with the plea, appellant, appellant’s counsel, and the State signed
a stipulation of evidence which included, among other things, the following
statements: “I intend to enter a plea of no contest and understand that the prosecutor
will recommend that my punishment should be set at 20 years TDC; I agree to that
recommendation . . . Further, I waive my right of appeal which I may have should the
court accept the foregoing plea bargain agreement between myself and the
prosecutor.” The trial court’s judgment is stamped, “Appeal waived. No permission
to appeal granted.” 

           After the trial court sentenced appellant to punishment that fell within the
terms of the plea bargain agreement, the trial court certified that this case is a plea-
bargain case and the defendant has no right to appeal. Appellant did not request the
trial court’s permission to appeal any pre-trial matters, and the trial court did not give 
permission for appellant to appeal. Appellant filed a timely notice of appeal. This
appeal followed.

          We conclude that the certification of the right of appeal filed by the trial court
is supported by the record and that appellant has no right of appeal due to the agreed
plea bargain. Tex. R. App. P. 25.2(a). Because appellant has no right of appeal, we 
must dismiss this appeal “without further action.” Chavez v. State, 183 S.W.3d 675,
680 (Tex. Crim. App. 2006).Accordingly, we dismiss the appeal for lack of jurisdiction.
          We deny any pending motions as moot.
PER CURIAM
Panel consists of Justices Jennings, Higley, and Sharp.
Do not publish. Tex. R. App. P. 47.2(b).