In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-09-01072-CR

____________


FRANCISCO JAVIER LIRA, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 263rd District Court 

Harris County, Texas

Trial Court Cause No. 1188054






MEMORANDUM OPINION

 We lack jurisdiction to hear this appeal. Appellant, Francisco Javier Lira,
pleaded guilty, with an agreed recommendation as to punishment with the State, to
the state jail felony offense of unauthorized use of a motor vehicle, and stipulated to
the commission of two prior felony convictions. Tex. Pen. Code Ann. § 12.35 (a)
(Vernon Supp. 2009). In accordance with his plea bargain agreement with the State,
the trial court sentenced appellant to confinement for six years. Along with the plea,
appellant, appellant's counsel, and the State signed a stipulation of evidence which
included, among other things, the following statements: "I intend to enter a plea of
no contest and understand that the prosecutor will recommend that my punishment
should be set at "6 years TDC". . . I agree to that recommendation . . . Further, I
waive my right of appeal which I may have should the court accept the foregoing plea
bargain agreement between myself and the prosecutor." The trial court's judgment
is stamped, "Appeal waived. No permission to appeal granted." 

 After the trial court sentenced appellant to punishment that fell within the
terms of the plea bargain agreement, the trial court certified that this case is a plea-
bargain case and the defendant has no right to appeal. Appellant did not request the
trial court's permission to appeal any pre-trial matters, and the trial court did not give 
permission for appellant to appeal. Appellant filed a timely notice of appeal. This
appeal followed.

 We conclude that the certification of the right of appeal filed by the trial court
is supported by the record and that appellant has no right of appeal due to the agreed
plea bargain. Tex. R. App. P. 25.2(a). Because appellant has no right of appeal, we 
must dismiss this appeal "without further action." Chavez v. State, 183 S.W.3d 675,
680 (Tex. Crim. App. 2006). Accordingly, we dismiss the appeal for lack of jurisdiction.

 We deny any pending motions as moot.

PER CURIAM

Panel consists of Chief Justice Radack, and Justices Alcala and Higley.

Do not publish. Tex. R. App. P. 47.2(b).