NO. 07-10-00209-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL A
 
--------------------------------------------------------------------------------
JULY 27, 2010
--------------------------------------------------------------------------------

 
 CINDY JANE HARRINGTON, APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;
 
 NO. 21,208-C; HONORABLE ANA ESTEVEZ, JUDGE
--------------------------------------------------------------------------------

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

 MEMORANDUM OPINION
 
Appellant, Cindy Jane Harrington, filed notice of appeal from her conviction for possession of a controlled substance with intent to deliver and accompanying sentence of two years incarceration in the Institutional Division of the Texas Department of Criminal Justice, suspended, with placement on community supervision for a period of five years and $1,500 fine. The certification of defendants right of appeal, executed by the trial court and signed by appellant and her trial counsel, states that the case is a plea-bargain case, and the defendant has NO right of appeal and "the defendant has waived the right of appeal." By letter dated June 24, 2010, we notified appellant of this certification and informed her that the appeal is subject to dismissal based on the certification unless, by July 15, 2010, we received an amended certification illustrating that appellant has the right to appeal or appellant otherwise demonstrates other grounds for continuing the appeal. 
To date, this Court has received neither an amended certification establishing appellant's right to appeal nor the identification of any other ground for continuing the appeal. Our review of the clerk's record confirms that this was a plea-bargain case and that appellant affirmatively waived her right to appeal. Accordingly, we must, and do, dismiss the appeal. Tex. R. App. P. 25.2(d); See also Chavez v. State, 183 S.W.3d 675, 680 (Tex.Crim.App. 2006) (we must dismiss prohibited appeal without further action).

Mackey K. Hancock
 Justice
Do not publish.