Enrique Ruelas CHAVEZ, Appellant,

v.

The STATE of Texas.

Nos. PD–1381–04, PD–1382–04.

Court of Criminal Appeals of Texas,
En banc.

Jan. 25, 2006.

Arnoldo R. Pena, Brownsville, for Appellant.

Lawrence J. Rabb, Asst. County & District Attorney, Brownsville, Matthew Paul, State's Atty., Austin, for State.

## OPINION

JOHNSON, J., delivered the unanimous opinion of the Court.

Appellant plead guilty to two indictments, one for murder and the other for possession of cocaine with intent to deliver. The trial court sentenced him to thirty years in prison for each offense, with the sentences to be served concurrently. The court of appeals dismissed appellant's appeals because the required certification from the trial court did not indicate that appellant had a right to appeal. *Chavez v. State*, 139 S.W.3d 43 (Tex.App.-Corpus Christi 2004). Neither appellant nor the state sought discretionary review. We granted discretionary review on our own initiative in these cases to consider the procedures used by the Thirteenth Court of Appeals. *See* Tex.R.App. P. 66.1. In our order granting review, we detailed the procedural background of these cases.

1) After the trial court received appellant's guilty pleas and supporting evidence, it found him guilty and ordered a presentence investigation. On February 18, 2003, the court sentenced appellant to concurrent terms of 30 years in prison.[1] On February 24, 2003, appellant filed a handwritten notice of appeal. On February 27, 2003, the court appointed appellate counsel.

2) On May 15, 2003, counsel filed amended notice of appeal that said that the trial court has granted appellant permission to appeal his convictions.

3) On September 8, 2003, the trial court certified that these were plea-bargained cases and that appellant had no right of appeal.

4) On October 8, 2003, appellant's counsel filed an *Anders*[2] brief, which stated that after having diligently searched the record and researched the law, the appeals were, in his professional opinion, without merit and frivolous. On April 19, 2004, appellant, *pro se,* filed a brief saying that "he was coer[c]ed into waiving his constitutional rights to have a trial by jury."

5) On June 10, 2004, the court of appeals delivered its opinion, in which it acknowledged Tex.R.App. P. 25.2(d)'s requirement that "[t]he appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made a part of the record under these rules." *Chavez, supra* at 47. However, the court of appeals also determined that, in spite of the certificate of right to appeal, it had a duty to perform an independent review of the record upon receipt of an *Anders* brief. *Id.* In its view of the scope of its duty, the court of appeals then made some additional holdings.

*Chavez v. State*, Nos. PD–1381–04 and PD–1382–04 (Tex.Crim.App., order grant-

---

1. The terms of the plea agreement included concurrent sentences not to exceed 40 years, dismissal of four other charges, and no charges filed against appellant's wife. The sentences assessed did not exceed the terms of the plea bargain.

2. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

ing discretionary review filed Oct. 13, 2004)(unpublished).

Pursuant to our order granting review, our review extends to the holdings set out in that order and to such other holdings of the court of appeals' opinion as may be material to the consideration of these cases. In our order granting review, we noted those holdings.

1) Texas criminal defendants enjoy certain rights of appeal that are not enumerated in Rule 25.2 of the Rules of Appellate Procedure, not referred to in the form for certification of right to appeal, and not mentioned in *Woods v. State,* 108 S.W.3d 314 (Tex.Crim.App. 2003).

2) Neither Rule 25.2 nor the form for certification of right to appeal refers to the right to appeal from revocation of "regular" probation, i.e., the imposition of a sentence that has been suspended after a guilty finding.

3) Neither Rule 25.2 nor the form for certification of right to appeal refers to the right to appeal issues unrelated to the revocation of deferred-adjudication probation after a guilty finding.

4) Plea-bargaining defendants have a right to appeal jurisdictional issues, which is not referenced in either the certification of right to appeal rule or form.

5) Plea-bargaining defendants have a right to appeal unauthorized sentences, which is not referenced in either the certification of right to appeal rule or form.

6) When a trial court has certified that a plea-bargaining defendant has no right of appeal, and the defendant's attorney has filed an *Anders* brief, the court of appeals has the right and duty to conduct an independent review of the record for such issues (i.e., errors in revocation of regular or deferred probations, jurisdictional defects, and sentence legality).

*Chavez v. State, supra.* Points 2) and 3) have been decided by our opinion in *Hargesheimer v. State,* 182 S.W.3d 906 (Tex. Crim.App.2006),[3] in which we held that

---

**3.** The state acknowledges that "[i]t is undisputed that pursuant to art. 42.12 § 23(b) [TEX.CODE CRIM. PROC.], a criminal defendant has the right to appeal from a hearing on the revocation of 'regular' probation." Nevertheless, it insists that "such an appeal by a plea-bargaining defendant is not unfettered by the procedural requirements of Rule 25.2(a)(2)." The state also argues that Rule 25.2(a)(2) should be harmonized with TEX.CODE CRIM. PROC. Arts. 44.02 and 42.12 § 23(b), which respectively deal with a defendant's general right of appeal and the right to appeal by a defendant who has been placed on "regular" probation.

The state argues that, when a defendant waives a jury trial and enters a plea of guilty or nolo contendere before the court to a noncapital offense, the proceedings become a unitary trial and that the Legislature required that proceedings on a deferred adjudication of guilt proceed only upon a plea of guilty or nolo contendere, thus ensuring a unitary trial. It asserts that TEX.CODE CRIM. PROC. art. 42.12

§ 5, "simply conveys the notion that a deferred adjudication proceeding is to continue in the normal fashion after the adjudication of guilt" and, as a continuation of the unitary trial, it remains a part of the original plea-bargain case; "[t]herefore, an appeal brought pursuant to an article 42.12 § 5(b) proceeding must comply with the requirements of Rule 25.2(a)(2)."

The state also argues that a defendant's right to appeal from a deferred adjudication proceeding is delineated in TEX.CODE CRIM. PROC. art. 44.01(j), which implies that the defendant can appeal from a deferral of adjudication pursuant to art. 42.12 § 5(b) because such right is now a part of the defendant's general right of appeal under Article 44.02. The state argues that "[s]ince a defendant's appeal from deferred adjudication community supervision must be brought pursuant to art. 44.02, then the certification requirements of Rule 25[.2](a)(2) are implicated."

It also asserts that "[t]he unambiguous language of art. 42.12 § 5(b) states that after the

Rule 25.2 does not apply to community supervision or deferred adjudication. Furthermore, because appellant was sentenced to incarceration, application of Rule 25.2 to community supervision is not implicated.

Appellant's brief states that he "concurs and joins in" the court of appeals' holdings regarding Rule 25.2 and therefore "joins in and adopts all of the arguments and authorities cited in the Court of Appeals' Opinion." The state argues more extensively.

In summary, the state argues that an appellate court is to review the record in a plea-bargained case to determine: 1) its jurisdiction; and 2) whether the trial court's certification is correct. The state adds that, because Rule 25.2(a)(2) limits the right of a felony defendant who plea bargained to appeal any matter of his case, if the trial court's certification is correct and demonstrates that the defendant has failed to meet the procedural requirements of Rule 25.2(a)(2), the appellate court must dismiss the appeal for want of jurisdiction.[4]

adjudication of guilt[,] all proceedings move forward as if the case had not been deferred." It adds that

> [t]he unitary trial concept makes all proceedings after the adjudication of guilt part of the initial proceeding when the criminal defendant was placed on deferred adjudication[, and] [t]herefore, Rule 25.2(a)(2) should apply equally to any appeal of the proceedings occurring after the adjudication of guilt as it would to an appeal from the initial hearing placing the criminal defendant on deferred adjudication community supervision. (citations omitted)

The state argues that the statute expresses that the right of appeal exists as if the deferred adjudication had never been utilized, thus the normal rules of appeal are then applicable, including the procedural requirements of Rule 25.2(a)(2) applying to any appeal brought from any proceeding after the adjudication of guilt pursuant to Article 42.12, § 5(b).

Appellant was not placed on deferred adjudication or regular community supervision. We therefore decline to address the community supervision arguments. We also disavow the court of appeals' discussion of community supervision because it did not apply to appellant and because we decided *contra* to the position of the court of appeals in *Hargesheimer, supra.*

**4.** In its brief, the state discussed the history of this Court's rule-making authority and the development of Rule 25.2. The state asserts that Rule 25.2(a)(2) "limits a plea bargaining defendant's right to appeal in *any matter of his case, without limitation.*" (emphasis in original). Citing *Griffin v. State*, 145 S.W.3d 645, 648 (Tex.Crim.App.2004), the state argues that Rule 25.2(a)(2) was defined as carrying out the purpose of the Legislature's original rule: "to eliminate meritless appeals after the trial court accepted the terms of a plea agreement." It also argues that Rule 25.2(a)(2)'s process requiring that the trial court enter a certification of the defendant's right to appeal, "in its goal of furthering judicial economy, was designed to prevent the requirement of all actions—appointment of counsel, preparation of the record, filing of briefs, and other proceedings before a court of appeals—in the appellate process." (citing *Greenwell v. The Court of Appeals for the Thirteenth Judicial District*, 159 S.W.3d 645 (Tex. Crim.App.2005)).

The state also discussed the *Anders* procedures "for ensuring that an indigent defendant's right to counsel on appeal is honored when his attorney asserts that the appeal is without merit." It asserts that, "[i]f the appellate court finds that the trial court's certification is not defective and the criminal defendant does not meet the procedural requirements of Rule 25.2(a)(2), then the appellate court lacks jurisdiction to consider any matter related to that appeal." It also argues that "[o]nce the appellate court has determined [that] it lacks jurisdiction, any further review of an *Anders* brief is unwarranted." (Citations omitted.)

The state asserts that a statutory right of a defendant who pleads guilty pursuant to a plea agreement to appeal jurisdictional issues was expressly stated in former Rules 40(b)(1) and 25.2(b)(3), but when Rule 25.2 was amended, effective January 1, 2003, the exception for jurisdictional issues was removed. Citing *Griffin v. State*, 145 S.W.3d at 649, the state also argues that "because the legislature did not expressly or even impliedly make an exception for appeals of jurisdictional is-

It further notes that, ultimately, the court of appeals properly dismissed appellant's appeal, but while doing so, made some additional extraneous holdings which "could have improperly enlarged the limited exceptions in which a plea-bargaining defendant can appeal pursuant to Texas Rule of Appellate Procedure 25.2(a)(2)." [5]

 We are cognizant of the history of this Court's rule-making authority and the development of Rule 25.2 and our case law as detailed in the state's brief. *See, e.g., Griffin, supra; Monreal v. State,* 99 S.W.3d 615 (Tex.Crim.App.2003); *Cooper v. State,* 45 S.W.3d 77 (Tex.Crim.App. 2001). We also recognize that our Rules of Appellate Procedure do not establish appellate jurisdiction, but rather set out procedures which must be followed to invoke a court's jurisdiction over a particular appeal. *White v. State,* 61 S.W.3d 424, 427–28 (Tex.Crim.App.2001). Thus Rule 25.2 generally describes the various procedures that must be followed in order to invoke an appellate court's jurisdiction over a particular appeal, and Tex.R.App. P. 25.2(b), which applies in this case, provides that appeal is perfected in a non-death-penalty criminal case by "timely filing a sufficient notice of appeal."

 With regard to the court of appeals' holding that criminal defendants en-joy certain rights of appeal that are not set out in Rule 25.2, nor referred to in the certification of right to appeal, nor mentioned in *Woods v. State, supra,* the court of appeals acknowledged that it was "not authorized to address points of error that do not fall within one of the categories listed in [former rule 25.2(b)(3) ]." *Chavez,* 139 S.W.3d at 56 (quoting *Woods, supra* at 316). The court of appeals also concluded that this Court did not intend that the certification of right to appeal "abridge a criminal defendant's substantive rights." *Id.* It then held that the scope of its review under *Anders* is not confined by the terms of Rule 25.2 or the certification of right to appeal, but rather "the scope of [its] independent review includes any arguable grounds that might support an appeal, which by definition includes limited rights to appeal previously recognized by law." *Id.* However, since the court of appeals delivered its *Chavez* opinion, we have held that the requirements of Rule 25.2(a)(2) do not impermissibly abridge the right to appeal. *Griffin,* 145 S.W.3d at 649. Appellant, in joining and adopting all of the arguments of the court of appeals, does not persuade us that applying Rule 25.2(a)(2) strictly pursuant to the terms of its wording would be an abridgement, enlargement, or modification of the substantive rights of a defendant.

sues[,] it falls outside of the statutory exceptions of Rule 25.2(a)(2).... Therefore, a plea bargaining felony defendant cannot appeal from a jurisdictional issue unless it fits within one of the two exceptions stated in Rule 25[.2](a)(2)."

The state also argues that "[a] plea-bargaining defendant who receives an unauthorized sentence must still meet the requirements of Rule 25.2(a)(2) to invoke the jurisdiction of the appellate court[; therefore] a plea-bargaining defendant cannot appeal jurisdictional issues unless it fits within one of the two exceptions under Rule 25.2(a)(2)." It suggests that the "amendment to Rule 25.2 was expressly done so that the new rule corresponded with the legislature's intent of the

1977 proviso to art. 44.02," and while "[t]he law is clear that a sentence not authorized by law may be challenged at any time ..., such a challenge must be made to a court with jurisdiction to hear the complaint." (citing *McClinton v. State,* 121 S.W.3d 768, 772 (Tex. Crim.App.2003)) (Cochran, J., concurring in dismissal as improvidently granted).

5. The state asserts that this Court's rulings in *Vidaurri v. State,* 49 S.W.3d 880 (Tex.Crim. App.2001), and *Kirtley v. State,* 56 S.W.3d 48 (Tex.Crim.App.2001), "modified and enlarged a plea-bargaining defendant's ... right to appeal...."

As to the court of appeals's other holdings of which we granted review, Rule 25.2(a)(2) provides that a defendant may appeal only matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. Thus, if a jurisdictional issue were raised by written motion filed and ruled on before trial, or the trial court granted permission to appeal such an issue, a defendant who plea-bargained would have a right to appeal that issue, provided the appeal is properly perfected pursuant to Rule 25.2(b). There is nothing in the record to support a finding that appellant filed written pre-trial motions that were ruled on before trial. The record is clear that the trial court filed a certification stating that the sentences in these cases were the result of a plea bargain and that appellant has no right to appeal.

We conclude that appellant did not have the right to appeal. A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal. Here, appellant had no right of appeal because he was sentenced pursuant to the agreed terms of a plea bargain and did not satisfy either of the exceptions stated in Rule 25.2(a)(2). In such circumstances, no inquiry into even possibly meritorious claims may be made.

Because the court of appeals ultimately dismissed appellant's appeals, we affirm the judgments of the court of appeals.

