COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



TORRANCE MADDOX,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-07-00302-CR



Appeal from the


384th District Court


of El Paso County, Texas


(TC# 20040D03148)



MEMORANDUM OPINION


 Appellant pleaded guilty to the offense of murder. In accordance with his plea bargain
agreement with the State, the trial court sentenced Appellant to fifty years' imprisonment. Appellant
filed a timely pro se notice of appeal. We dismiss the appeal for lack of jurisdiction.

 After the trial court sentenced Appellant to punishment that fell within the terms of the plea
bargain agreement, the trial court certified that this case is a plea-bargain case and the defendant has
no right to appeal. The certification also reflects that Appellant waived the right of appeal. No
written pretrial motions were ruled on by the trial court, nor did the trial court give its permission
for Appellant to appeal.

 Rule 25.2(a)(2) governs the defendant's right to appeal in a criminal case:


 A defendant in a criminal case has the right of appeal under Code of Criminal
Procedure article 44.02 and these rules. The trial court shall enter a certification of
the defendant's right of appeal each time it enters a judgment of guilt or other
appealable order. In a plea bargain case--that is, a case in which a defendant's plea
was guilty or nolo contendere and the punishment did not exceed the punishment
recommended by the prosecutor and agreed to by the defendant--a defendant may
appeal only:


 (A) those matters that were raised by written motion filed and ruled
on before trial, or

 

 (B) after getting the trial court's permission to appeal.


Tex. R. App. P. 25.2(a)(2).


 We conclude that the certification of the right of appeal filed by the trial court is supported
by the record and that Appellant has no right of appeal due to the agreed plea bargain. Chavez v.
State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); Tex. R. App. P. 25.2(a).

 Accordingly, we dismiss the appeal for lack of jurisdiction.


 KENNETH R. CARR, Justice


January 24, 2008


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)