In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-07-00564-CR
____________

VICTOR ORALDO PENA MORUA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 230th District Court 
Harris County, Texas
Trial Court Cause No. 1090788



 
MEMORANDUM OPINION
          We lack jurisdiction to hear this appeal. Appellant, Victor Oraldo Pena Morua,
pleaded guilty to the offense of aggravated robbery, with a plea bargain with the State
that capped the sentence that could be assessed as punishment. The plea papers
signed by appellant, his attorney, the State’s attorney, and the trial court on March 23,
2007 reflect “no agreed recommendation-punishment should be set at PSI with an
agreed maximum of 10 years; I agree to that recommendation . . . Further, I waive my
right of appeal which I may have should the court accept the foregoing plea bargain
agreement between myself and the prosecutor.” 

          After considering the presentence report and evidence admitted at the
presentence investigation hearing, the trial court sentenced appellant on May 22, 2007
to eight years in prison, a punishment that fell within the agreed cap of 10 years. 

          We note that on March 23, 2007, the date appellant pleaded guilty, the trial
court entered a certification of right of appeal that states: “I, judge of the trial court
certify that this criminal case is not a plea-bargain case, and the defendant has the
right of appeal.” On December 12, 2007, the trial court entered an amended
certification of right to appeal that states: “I, judge of the trial court, certify this
criminal case is a plea bargain case, and the defendant has no right of appeal.” 

          After reviewing the record, we notified the parties that this appeal would be
dismissed because the trial court had entered a certification of right of appeal that
stated that appellant had no right of appeal. We received no response to our notice.

          We conclude that the certification of the right of appeal filed by the trial court
on December 12, 2007 is supported by the record and that appellant has no right of
appeal due to the agreed plea bargain. Tex. R. App. P. 25.2(a). Because appellant has
no right of appeal, we must dismiss this appeal “without further action.” Chavez v.
State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006). 

          Accordingly, the appeal is dismissed for lack of jurisdiction.

 

          Any pending motions are denied as moot.



PER CURIAM



Panel consists of Justices Nuchia, Alcala, and Hanks.



Do not publish. Tex. R. App. P. 47.2(b).