Opinion issued September 11, 2008 











In The

Court of Appeals

For The

First District of Texas

____________________


NOS. 01-08-00659-CR

 01-08-00660-CR

____________________


EDGAR AGUIRRE, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 248th District Court 

Harris County, Texas

Trial Court Cause Nos. 1166920 and 1162002






MEMORANDUM OPINION (1)

 We lack jurisdiction to hear these appeals. Appellant, Edgar Aguirre,
pleaded guilty to two separate offenses of aggravated robbery, and in accordance with
his plea bargain agreements with the State, the trial court sentenced appellant to
confinement for 10 years in each case. Along with the plea, appellant, appellant's
counsel, and the State signed a stipulations of evidence which included, among
others, the following statements: "I intend to enter a plea of guilty and understand that
the prosecutor will recommend that my punishment should be set at 10 years TDC;
I agree to that recommendation...Further, I waive my right of appeal which I may
have should the court accept the foregoing plea bargain agreement between myself
and the prosecutor." The trial court's judgments are stamped, "Appeal waived. No
permission to appeal granted." 

 After the trial court sentenced appellant to punishment that fell within the
terms of the plea bargain agreements, the trial court certified that both cases are plea-
bargain cases and the defendant has no right to appeal. Appellant did not request the
trial court's permission to appeal any pre-trial matters, and the trial court did not give 
permission for appellant to appeal. Appellant filed timely pro se notices of appeal. 

 We conclude that the certifications of right of appeal filed by the trial court are
supported by the record and that appellant has no right of appeal due to the agreed
plea bargains. Tex. R. App. P 25.2(a). Because appellant has no right of appeal, we 
must dismiss these appeals "without further action." Chavez v. State, 183 S.W.3d 675,
680 (Tex. Crim. App. 2006). Accordingly, the appeals are dismissed for lack of jurisdiction.

 Any pending motions are denied as moot.

PER CURIAM

Panel consists of Justice Taft, Keyes, and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).
1. Hon. Joan Campbell presided. Trial counsel were Randy Martin for appellant
and R. Newaz for the State.