# NO. 12-08-00408-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TIMOTHY J. BAKER,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 188TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *GREGG COUNTY, TEXAS* |

### MEMORANDUM OPINION
### PER CURIAM

Appellant, Timothy Joseph Baker, pleaded guilty, with an agreed punishment recommendation from the State, to the offense of murder. Appellant signed written plea admonishments, an agreement to stipulate to evidence, and a judicial confession. The written plea admonishments included the following:

> 4. <u>Permission to Appeal:</u> If the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by you and your attorney the Court must give its permission to you before you can prosecute an appeal on any matter in the case except for matters raised by writing [sic] motion filed prior to trial.

Appellant and his counsel also signed a plea bargain agreement, which included an agreed punishment recommendation. The trial court sentenced Appellant to imprisonment for thirty-five years, and certified that this "is a plea bargain case, and the defendant has NO RIGHT OF APPEAL[.]" The trial court's certification is signed by the trial court, Appellant, and Appellant's counsel. *See* TEX. R. APP. P. 25.2(a)(2).

Texas Rule of Appellate Procedure 25.2(a)(2) limits a defendant's right to appeal in a plea bargain case when he pleads guilty and his punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See* TEX. R. APP. P. 25.2(a)(2).

Under those circumstances, the defendant may appeal only (1) matters raised by written motion and ruled on before trial or (2) after getting the trial court's permission to appeal. *Id.* Here, the trial court sentenced Appellant in accordance with the agreed punishment recommendation. The trial court did not give Appellant permission to appeal, and all pretrial motions were agreed upon by the parties. Therefore, we conclude that the certification of the right of appeal filed by the trial court is supported by the record and that Appellant has no right to appeal because he was sentenced pursuant to the agreed terms of a plea bargain and did not satisfy either of the exceptions stated in Rule 25.2(a)(2).[1] Accordingly, we ***dismiss*** the appeal "without further action." *See **Chavez v. State***, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

Opinion delivered October 22, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[1] Under the terms of the plea bargain agreement, Appellant expressly "waive[d] the right and [gave] up the time provided in the Texas Rules of Appellate Procedure to file a motion for new trial, motion for arrest of judgment or notice of appeal."