Opinion issued December 11, 2008 
















In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-07-01026-CR
____________

STEVEN DUANE CATHCART Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 248th District Court 
Harris County, Texas
Trial Court Cause No. 1107125



 
MEMORANDUM OPINION
               We lack jurisdiction to hear this appeal.


 Appellant entered a guilty plea



to the offense of robbery. He also pleaded true to one enhancement paragraph. Along
with the plea, appellant, appellant’s counsel, and the State signed a stipulation of
evidence, which included, among others, the following statements: “I intend to enter
a plea of guilty and understand that the prosecutor will recommend that my
punishment should be set at 12 years TDC; I agree to that recommendation . . .
Further, I waive my right of appeal which I may have should the court accept the
foregoing plea bargain agreement between myself and the prosecutor.” The trial
court’s judgment is stamped, “Appeal waived. No permission to appeal granted.” 

               In accordance with the terms of his plea bargain agreement with the State,
the trial court sentenced appellant to confinement for 12 years. The trial court
entered a certification of the defendant’s right to appeal in this case which states: “I,
judge of the trial court, certify this criminal case is a plea-bargain case, and the
defendant has no right of appeal.” See Tex. R. App. P. 25.2(a) (2) (A) (B). The
certification contains the signature of the trial court judge, the defendant and the
defendant’s counsel. Appellant gave notice of appeal. 

               A defendant has the right of appeal in a plea-bargain case only when an
issue was raised by written motion filed and ruled upon by the court or with the trial
court’s permission to appeal. Tex. R. App. P. 25.2(a). We conclude that the
certification of the right of appeal filed by the trial court in each case is supported by
the record and that appellant has no right of appeal due to the agreed plea bargains. 
               In this case, appellant was sentenced pursuant to his plea bargain agreement
with the State, and the record does not show that the trial court gave its permission
to appeal or that the trial court made any rulings on written pretrial motions. Tex. R.
App. P. 25.2 (a) (2). Because appellant has no right of appeal, we must dismiss this
appeal “without further action, regardless of the basis for the appeal.” See Chavez v.
State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006). Accordingly, the appeal is dismissed for lack of jurisdiction.
               Any pending motions are denied as moot.
PER CURIAM
 
Panel consists of Justices Taft, Keyes, and Alcala.
 
Do not publish. Tex. R. App. P. 47.2(b).