In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-09-00355-CR
____________

VICTOR CORONADO, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 337th District Court 
Harris County, Texas
Trial Court Cause No. 1194150



 
MEMORANDUM OPINION
          We lack jurisdiction to hear this appeal. Appellant, Victor Coronado, pleaded
guilty to the state jail felony offense of delivery of a controlled substance, namely,
cocaine, weighing by aggregate weight, including any adulterants and dilutants, less
than one gram. Appellant also pleaded true to two prior felony enhancement
paragraphs contained in the indictment. In accordance with his plea bargain
agreement with the State, the trial court sentenced appellant to confinement for two
years. Along with the plea, appellant, appellant’s counsel, and the State signed a
stipulation of evidence that included, among others, the following statements: “I
intend to enter a plea of guilty and understand that the prosecutor will recommend
that my punishment should be set at two years TDC; I agree to that recommendation
. . . Further, I waive my right of appeal which I may have should the court accept the
foregoing plea bargain agreement between myself and the prosecutor.” The trial
court’s judgment is stamped, “Appeal waived. No permission to appeal granted.” 

           After the trial court sentenced appellant to punishment that fell within the
terms of the plea bargain agreement, the trial court certified that this case is a plea-
bargain case and the defendant has no right to appeal. Appellant did not request the
trial court’s permission to appeal any pre-trial matters, and the trial court did not give 
permission for appellant to appeal. Appellant filed a timely pro se notice of appeal.

          We conclude that the certification of the right of appeal filed by the trial court
is supported by the record and that appellant has no right of appeal due to the agreed
plea bargain. Tex. R. App. P. 25.2(a). Because appellant has no right of appeal, we 
must dismiss this appeal “without further action.” Chavez v. State, 183 S.W.3d 675,
680 (Tex. Crim. App. 2006).Accordingly, the appeal is dismissed for lack of jurisdiction.
          Any pending motions are denied as moot.
PER CURIAM
Panel consists of Justices Keyes, Hanks, and Bland.
Do not publish. Tex. R. App. P. 47.2(b).