In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-09-00633-CR

____________


NICK VELA, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 182nd District Court 

Harris County, Texas

Trial Court Cause No. 1189913






MEMORANDUM OPINION

 We lack jurisdiction to hear this appeal. Appellant, Nick Vela, pleaded guilty,
with an agreed punishment recommendation from the State, to the offense of injury
to a child, and pleaded true to one enhancement paragraph. In accordance with his
plea bargain agreement with the State, the trial court sentenced appellant to
confinement for four years. Along with the plea, appellant, appellant's counsel, and
the State signed a stipulation of evidence which included, among others, the
following statements: "I intend to enter a plea of guilty and understand that the
prosecutor will recommend that my punishment should be set at 4 years TDC; I agree
to that recommendation...Further, I waive my right of appeal which I may have should
the court accept the foregoing plea bargain agreement between myself and the
prosecutor." The trial court's judgment is stamped, "Appeal waived. No permission
to appeal granted." 

 After the trial court sentenced appellant to punishment that fell within the
terms of the plea bargain agreement, the trial court certified that this case is a plea-
bargain case and the defendant has no right to appeal. Appellant did not request the
trial court's permission to appeal any pre-trial matters, and the trial court did not give 
permission for appellant to appeal. Appellant filed a timely notice of appeal. 

 We conclude that the certification of the right of appeal filed by the trial court
is supported by the record and that appellant has no right of appeal due to the agreed
plea bargain. Tex. R. App. P. 25.2(a). Because appellant has no right of appeal, we 
must dismiss this appeal "without further action." Chavez v. State, 183 S.W.3d 675,
680 (Tex. Crim. App. 2006). Accordingly, the appeal is dismissed for lack of jurisdiction.

 Any pending motions are denied as moot.

PER CURIAM

Panel consists of Justices Jennings, Alcala, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).