COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                      NOS.  2-10-213-CR

        2-10-214-CR

        2-10-215-CR

 

 

RONALD DAVID SUTHERLAND                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 78TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Pursuant
to a plea bargain, Appellant Ronald David Sutherland pleaded guilty to three
separate offenses of burglary of a building. 
See Tex. Penal Code Ann. ' 30.02
(Vernon 2003).  The trial court sentenced
Appellant to fifteen years=
confinement for each offense with the sentences to run concurrently.  The trial court=s
certifications of Appellant=s right
of appeal state that Athe defendant has waived the
right of appeal.@ 
On June 10, 2010, Appellant filed a pro se notice of appeal.  Concerned that we did not have jurisdiction
over these appeals, we sent a letter to Appellant requesting a response by June
25, 2010, showing grounds for continuing the appeals.  On June 24, 2010, Appellant filed a pro se
response contending that he did not waive his right to appeal because he raised
matters by a written pro se motion filed with the trial court the day of his
guilty plea.  See Tex. R. App. P.
25.2(a)(2).  However, the trial court
clerk has no record of any such motion filed by Appellant.








Rule
25.2(a)(2) limits the right to appeal in a plea bargain case to those matters
that were raised by written motion filed and ruled on before trial or to those
cases in which the appellant obtained the trial court=s
permission to appeal.  See Tex. R.
App. P. 25.2(a)(2)(A), (B); Chavez v. State, 183 S.W.3d 675, 680 (Tex.
Crim. App. 2006) (AA court of appeals, while having
jurisdiction to ascertain whether an appellant who plea‑bargained is
permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal
without further action, regardless of the basis for the appeal.  Here, Appellant had no right of appeal
because he was sentenced pursuant to the agreed terms of a plea bargain and did
not satisfy either of the exceptions stated in Rule 25.2(a)(2).@).  Therefore, in accordance with the trial court=s
certification that this is a plea bargain case and that Appellant has no right
to appeal, we dismiss the appeals Awithout
further action.@ 
See Tex. R. App. P. 25.2(a)(2), 43.2(f); Chavez, 183
S.W.3d at 680.

PER CURIAM

 

PANEL:  GARDNER, WALKER, and
MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  July 29, 2010











[1]See Tex. R. App. P. 47.4.