02-12-079-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00079-CR

 

 


 
 
 Ruben Vasquez
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 297th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Pursuant
to a plea bargain, appellant Ruben Vasquez pled guilty to state-jail-felony
theft, judicially confessed to that offense, and waived constitutional and
statutory rights.[2]  The trial court
convicted him and followed the State’s punishment recommendation by sentencing
him to six months’ confinement.  Appellant filed a notice of appeal, but the
trial court certified that this “is a plea-bargain case, and the defendant has
NO right of appeal.”  See Tex. R. App. P. 25.2(a)(2) (explaining that in
a plea bargain case, defendants may appeal only after getting the trial court’s
permission or when the appeal concerns matters raised by written pretrial
motions that are ruled on before trial), (d) (stating that the “appeal must be
dismissed if a certification that shows the defendant has the right of appeal
has not been made part of the record”).

          We
sent a letter to appellant to express that because of the trial court’s
certification, unless he filed a response showing grounds for continuing the
appeal, we could dismiss it.  Appellant has not filed a response.  Thus, in
accordance with the trial court’s certification and because appellant has not
established that rule 25.2(a)(2) permits this appeal, we dismiss the appeal.  See
Tex. R. App. P. 25.2(a)(2), (d), 43.2(f); Chavez v. State, 183 S.W.3d
675, 680 (Tex. Crim. App. 2006).

 

 

 

TERRIE LIVINGSTON
CHIEF JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  May 31, 2012








 









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code
Ann. § 31.03(a), (e)(4)(D) (West Supp. 2011).