

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-12-00079-CR

RUBEN VASQUEZ                                                   APPELLANT

V.

THE STATE OF TEXAS                                                   STATE

----------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Pursuant to a plea bargain, appellant Ruben Vasquez pled guilty to state-jail-felony theft, judicially confessed to that offense, and waived constitutional and statutory rights.[2]  The trial court convicted him and followed the State's punishment recommendation by sentencing him to six months' confinement. Appellant filed a notice of appeal, but the trial court certified that this "is a plea-

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 31.03(a), (e)(4)(D) (West Supp. 2011).

bargain case, and the defendant has NO right of appeal." *See* Tex. R. App. P. 25.2(a)(2) (explaining that in a plea bargain case, defendants may appeal only after getting the trial court's permission or when the appeal concerns matters raised by written pretrial motions that are ruled on before trial), (d) (stating that the "appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record").

We sent a letter to appellant to express that because of the trial court's certification, unless he filed a response showing grounds for continuing the appeal, we could dismiss it. Appellant has not filed a response. Thus, in accordance with the trial court's certification and because appellant has not established that rule 25.2(a)(2) permits this appeal, we dismiss the appeal. *See* Tex. R. App. P. 25.2(a)(2), (d), 43.2(f); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 31, 2012