

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00265-CR

DARYN WAYNE DARLAND                                                APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

FROM THE 97TH DISTRICT COURT OF MONTAGUE COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Daryn Wayne Darland attempts to appeal from the trial court's May 2012 judgment convicting him of possessing less than one gram of a "Penalty Group 1" controlled substance in a drug-free zone.[2] The judgment reflects that appellant committed the offense in January 2011 and, pursuant to a

---

[1]See Tex. R. App. P. 47.4.

[2]See Tex. Health & Safety Code Ann. § 481.115(a), (b) (West 2010), § 481.134(d) (West Supp. 2012).

plea bargain, received five years' confinement as his punishment. In a "Guilty Plea Memorandum" that appellant signed in conjunction with his plea, he received admonishments, waived constitutional and statutory rights, judicially confessed, and waived any right to appeal. The trial judge, appellant, and appellant's counsel all signed a certification of appellant's right of appeal that stated that appellant had entered into a plea bargain and had "NO right of appeal."

Nonetheless, in June 2012, appellant filed a notice of appeal. Later in June, we sent a letter to appellant to inform him that we could dismiss his appeal unless we received a response showing grounds for continuing the appeal. We have not received a response. Therefore, in accordance with the trial court's certification, we dismiss this appeal. *See* Tex. R. App. P. 25.2(d) ("The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules."), 43.2(f); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).


PER CURIAM

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 23, 2012