

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-12-00291-CR

**NATHAN ADCOCK,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

**From the 19th District Court**
**McLennan County, Texas**
**Trial Court No. 2009-1375-C1**

_____

## MEMORANDUM OPINION

_____

On February 1, 2010, appellant, Nathan Adcock, entered a plea of guilty to the charged offense of burglary of a habitation, a state-jail felony. *See* TEX. PENAL CODE ANN. § 30.02(a) (West 2011). The trial court accepted appellant's guilty plea, sentenced him to two years' incarceration in a state-jail facility with a $200 fine, suspended the sentence, and placed him on community supervision for five years.

Subsequently, the State filed original and first amended motions to revoke appellant's community supervision, asserting fifteen violations of the terms and

conditions of appellant's community supervision. In its first amended motion to revoke, the State alleged, among other things, that appellant failed to obtain permission to change his residence, consumed marihuana on numerous occasions, failed to participate in court-ordered outpatient treatment and GED classes, failed to work sixteen hours of court-ordered community-service restitution, and failed to pay various court-ordered fees.

Thereafter, the trial court conducted a hearing on the State's first amended motion to revoke appellant's community supervision. At the hearing, appellant pleaded "true" to fourteen of the violations alleged in the State's motion to revoke and "not true" to the fifteenth allegation, which pertained to appellant's responsibility to pay $1,685 in court-ordered restitution. At the conclusion of the hearing, the trial court accepted appellant's pleas of "true," reinstated the originally-imposed jail sentence, and ordered that appellant be incarcerated in the State-Jail Division of the Texas Department of Criminal Justice for two years.

On the same day as the hearing on the State's first amended motion to revoke, appellant signed a "Waiver of Appeal," wherein appellant agreed to the following:

> I desire to WAIVE each and all of my rights to Appeal, including the filing of a Motion for New Trial, requesting permission to appeal, appealing matters raised by written motion prior to trial, giving Notice of Appeal, appealing the Judgment, Sentence[,] or Order of the Court, and a free record, transcript and attorney on appeal. I make this WAIVER freely, intelligently[,] and voluntarily. I desire to accept the Sentence or Order of the Court, and ask the Court to allow me to WAIVE ALL RIGHTS I HAVE TO APPEAL. I ask the Court to approve this Waiver, which will render the Judgment, Sentence[,] or Order of the Court FINAL in all respects.

And based on appellant's signed waiver, the trial court indicated in its certification of appellant's right to appeal that appellant has waived his right to appeal.

Nevertheless, on August 2, 2012, appellant filed a pro se notice of appeal seeking to challenge the trial court's revocation of his community supervision. Upon receiving appellant's pro se notice of appeal, we sent appellant a letter on August 22, 2012, informing him that his appeal is subject to dismissal because he signed a waiver of his appellate rights and because the trial court indicated, in its certification of appellant's right to appeal, that appellant has waived his right to appeal. In our letter, we requested that appellant file, within twenty-one days of the date of the letter, a response showing grounds for continuing this appeal. More than twenty-one days later, we received a response from appellant; however, this response does not provide grounds for continuing the appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (stating that an appellate court must dismiss an appeal "without further action, regardless of the basis for the appeal" if the trial court's certification shows there is no right to appeal); *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003) (holding that an appellant who has executed a waiver of appeal in a non-negotiated plea could not appeal without securing the permission of the trial court); *but see Bone v. State*, 77 S.W.3d 828, 837 n.30 (Tex. Crim. App. 2002) (noting that a defendant may submit ineffective assistance of counsel claims for review on the merits in an application for writ of habeas corpus); *Thompson v. State*, 9 S.W.3d 808, 814-15 (Tex. Crim. App. 1999) (same).

Accordingly, this appeal is hereby dismissed.[1]  *See* TEX. R. APP. P. 25.2(d), 43.2(f);

*see also Moran v. State*, No. 10-11-00039-CR, 2011 Tex. App. LEXIS 5612 (Tex. App.—

Waco July 20, 2011, pet. ref'd) (mem. op., not designated for publication).


AL SCOGGINS
Justice


Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Dismissed
Opinion delivered and filed December 20, 2012
Do not publish
[CR25]

---

[1] In light of our disposition, all pending motions in this appeal are dismissed as moot.