ACCEPTED
04-15-00452-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
8/13/2015 10:19:18 AM
KEITH HOTTLE
CLERK

## NO. 04-15-00452-CR

IN THE COURT OF APPEALS
FOURTH COURT OF APPEALS DISTRICT OF TEXAS
AT SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
08/13/15 10:19:18 AM
KEITH E. HOTTLE
Clerk

### DIMETRIC DASHON GONZALES,
Appellant

v.

### THE STATE OF TEXAS,
Appellee

## APPELLANT'S RESPONSE TO THE ORDER PROPOSING TO DISMISS THIS APPEAL FOR NO RIGHT OF APPEAL

TO THE HONORABLE COURT OF APPEALS:

Comes now DIMETRIC DASHON GONZALES, Appellant, by and through undersigned counsel, in reply to the order of this Honorable Court dated August 6, 2015, shows the Court the following:

I.    Procedural history:

Appellant was charged by indictment in cause number 2014-CR-9594 with assault–family–second offense (habitual), alleged to have been committed in Bexar County, Texas, on or about June 2, 2014. (CR, 4).[1]

---

[1] The underlying offense is a felony of the third degree, in violation of TEX. PENAL CODE § 22.01(b) (West 2011). Only one of the two enhancement allegations was included in the plea, which increased the offense to a felony of the second degree. If Mr. Gonzales had been tried on both of the enhancement allegations, he would have faced a minimum sentence of 25 years.

On June 1, 2015, pursuant to a written plea agreement with the State, Appellant pleaded guilty the underlying offense, and pleaded true to one of the two enhancement allegations. (CR, 5-9). As part of the plea agreement, Appellant waived the right of appeal in writing. (CR, 9). The plea agreement called for a cap of 10 years, a fine of $2,000, the State opposing community supervision, the taking into consideration of four other felony cases and two misdemeanors, and a affirmative finding of family violence. (CR, 9). On June 25, 2015, the trial court, the Honorable Jefferson Moore presiding, followed the terms of the plea agreement and sentenced Appellant to a term of eight years of confinement in the Texas Department of Criminal Justice – Institutional Division, with a $2,000 fine. (CR, 48-49). The trial court certified that this is a plea-bargain case, and Appellant has "NO right of appeal." (CR, 47). By his signature, Appellant acknowledged that he was informed that he has no right of appeal in this case. (CR, 47).

Appellant filed a pro se notice of appeal on July 13, 2015. (CR, 51-53). He filed an additional notice of appeal from a negotiated plea on the same day. (CR, 54-57). Mr. Gonzales also filed a pro se motion for new trial, which was not ruled on by the trial court. (CR, 58-61). On July 16, 2015, the trial court appointed the Bexar County Public Defender's Office to represent Appellant in this attempted appeal. (CR, 62).

II.     No right of appeal:

Appellant has no right of appeal. As noted above, Appellant pleaded guilty to the charged offense and true to one of the enhancement allegations pursuant to a written plea agreement with the State. (CR, 5-9). The eight-year sentence he received was less than the bargained-for cap of 10 years. The State opposed his probation application. As part of the plea agreement, Appellant also waived the right of appeal in writing. (CR, 9). The trial court certified that this is a plea-bargain case, and Appellant has "NO right of appeal." (CR, 47). Appellant signed that notice. (CR, 47).

Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d). The undersigned attorney has reviewed documents including the electronic clerk's record of this case and can find no right of appeal for Appellant. *See* TEX. R. APP. P. 25.2(a)(2) (in a plea-bargain case where the sentence did not exceed the agreed-upon punishment, the defendant may appeal only: matters raised by written motion and ruled upon before trial; or after getting the trial court's permission to appeal). Therefore, this Court has no choice but to dismiss the appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006)(where defendant has no right to appeal after his plea bargain, dismissal of the appeal is required, with no inquiry by the appellate court into even possibly meritorious claims); *Monreal v.*

3

*State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003)(a valid waiver of appeal will prevent a defendant from appealing without the consent of the trial court).

   III.   Relief available to Appellant:

Although the Court of Appeals is required to dismiss this this appeal, Appellant may file an application for a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure, after the mandate is issued. This could address the ineffective assistance of counsel allegations contained in the notice of appeal and motion for new trial.  It should be noted, however, that if Mr. Gonzales is granted habeas relief, his plea bargain would no longer be applicable, and he would again face a possible minimum sentence of 25 years.

WHEREFORE, Appellant, by and through undersigned counsel, is compelled to concede that the Honorable Court of Appeals and must dismiss this appeal for the reasons stated above.

Respectfully submitted,


/s/ *Michael D. Robbins*
MICHAEL D. ROBBINS
Assistant Public Defender
Paul Elizondo Tower
101 W. Nueva St., Suite 370
San Antonio, Texas 78205
Bar No. 16984600
(210) 335-0701
FAX (210) 335-0707
mrobbins@bexar.org

4

ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing response has been emailed to the Bexar County District Attorney's Office, Appellate Division, Paul Elizondo Tower, 101 W. Nueva St., Suite 710, San Antonio, Texas 78205, on August 13, 2015

/s/ *Michael D. Robbins*
MICHAEL D. ROBBINS
Assistant Public Defender