

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-16-00116-CR

CARLOS ARTURO SANCHEZ                                         APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

----------

## FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 1422793D

----------

## MEMORANDUM OPINION[1]

----------

A grand jury indicted Appellant Carlos Arturo Sanchez for one count of possession of a controlled substance in the amount of one gram or more but less than four grams. *See* Tex. Health & Safety Code Ann. § 481.115(c) (West 2010). The indictment contained a habitual offender paragraph alleging that Sanchez had two prior felony convictions, the second of which was for an offense that he

---

[1]*See* Tex. R. App. P. 47.4.

committed after his conviction for the first felony had become final. *See* Tex. Penal Code Ann. § 12.42(d) (West Supp. 2016). Sanchez and the State reached a plea bargain agreement whereby Sanchez agreed to plead guilty to the possession charge, and in exchange, the State waived the habitual-offender allegations and recommended that the trial court sentence Sanchez to six years' confinement. On February 12, 2016, Sanchez pleaded guilty to possession of a controlled substance in the amount of one gram or more but less than four grams, and in accordance with the plea bargain agreement, the trial court sentenced him to six years' confinement. The trial court certified that Sanchez had no right to appeal. *See* Tex. R. App. P. 25.2(a)(2).

On March 17, 2016, Sanchez filed a pro se notice of appeal in the trial court. *See* Tex. R. App. P. 25.2(c). We notified Sanchez and his trial counsel that our review of the record revealed that the trial court certified that he had no right to appeal. We further stated that we would dismiss the appeal unless Sanchez or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal no later than July 29, 2016. *See* Tex. R. App. P. 25.2(d), 44.3. Our notice to Sanchez was returned because he had been moved to a different unit. So on July 29, 2016, we notified Sanchez at his new address, as well as his trial counsel, that we would dismiss the appeal unless Sanchez or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal no later than August 8, 2016.

We have not received any response showing grounds for continuing this appeal. The record does not show that Sanchez's sentence exceeded the State's recommendations, that Sanchez desires to appeal a matter that was raised by written motion filed and ruled on before trial, or that the trial court granted Sanchez permission to appeal. *See* Tex. R. App. P. 25.2(a)(2). Thus, in accordance with the trial court's certification, we dismiss this appeal. *See* Tex. R. App. P. 25.2(d), 43.2(f); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: LIVINGSTON, C.J.; GABRIEL and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 25, 2016

3