

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00041-CR

———————————————————

AMANDA JOY WALKER, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1550999D

Before Sudderth, C.J.; Gabriel and Womack, JJ.
Memorandum Opinion by Dana Womack

## MEMORANDUM OPINION

On August 27, 2018, the State charged appellant Amanda Joy Walker with the possession of a controlled substance, methamphetamine, in the amount of four grams or more but less than 200 grams. On December 18, 2018, as part of a plea-bargain agreement, Walker pleaded guilty to the possession of a controlled substance, methamphetamine, in the amount of one gram or more but less than four grams—a lesser-included offense of the State's original charge. The trial court placed Walker on deferred adjudication community supervision for three years. The trial court also filed a certification that this is a plea-bargain case, that Walker has no right of appeal, and that Walker has waived her right to appeal. *See* Tex. R. App. P. 25.2(d). Walker filed a timely pro se notice of appeal from the judgment.

We notified Walker that the trial court had certified that she had no right to appeal based on the plea-bargain agreement and that we would dismiss the appeal unless we received a response showing grounds to continue it. *See* Tex. R. App. P. 25.2(d), 44.3. We have received no response. Additionally, Walker's court-appointed attorney has filed a motion to withdraw as Walker's counsel.

Rule 25.2 limits the right of appeal in a plea-bargain case to matters that were raised by written motion filed and ruled upon before trial or to cases in which the appellant obtained the trial court's permission to appeal. Tex. R. App. P. 25.2(a)(2). Here, the trial court's certification does not show that the trial court granted Walker permission to appeal, and the record includes no indication that Walker intends to

challenge a pretrial ruling on a written motion filed and ruled on before trial. Accordingly, we dismiss the appeal. *See* Tex. R. App. P. 25.2(d), 43.2(f); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006). We take no action on Walker's counsel's motion to withdraw. *See Rogers v. State*, No. 02-18-00077-CR, 2019 WL 983732, at *2 (Tex. App.—Fort Worth Feb. 28, 2019, no pet. h.) (mem. op., not designated for publication) (taking no action on counsel's motion to withdraw after determining that trial court had certified that appellant had no right to appeal).

/s/ Dana Womack
Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 14, 2019