

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-19-00160-CR

---

JEFFERIOUS DJUN BROWN, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 114th District Court
Smith County, Texas
Trial Court No. 114-1070-17

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

On July 14, 2015, the 114th Judicial District Court of Smith County[1] revoked Jefferious Djun Brown's community supervision, adjudicated him guilty of evading arrest/detention with a vehicle,[2] and sentenced him to seven years' confinement. Brown perfected his appeal from this conviction and sentence by timely filing a notice of appeal. However, following the trial court's pronouncement of sentence, Brown signed a written waiver of his right of appeal. Consequently, the trial court certified that Brown had waived his right of appeal, and Brown signed the trial court's written certification.

Pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure, this Court is required to dismiss an appeal if, as in this case, the trial court's certification correctly indicates that there is no right of appeal or that the right of appeal has been waived. *See* TEX. R. APP. 25.2(d).

Brown, through counsel, acknowledged this defect in our jurisdiction and conceded that the appeal must be dismissed without further inquiry. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

In light of the foregoing, we dismiss this appeal for want of jurisdiction.


Ralph K. Burgess
Justice


Date Submitted:    August 7, 2019
Date Decided:     August 8, 2019

Do Not Publish

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001.

[2]*See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A).