

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00248-CR
No. 02-19-00249-CR
No. 02-19-00250-CR

———————————————————

JOSHUA MATHEWS, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court Nos. 1562642D, 1563061D, 1572256D

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

Joshua Mathews pleaded guilty and judicially confessed to three felony offenses—murder, aggravated assault with a deadly weapon, and tampering with evidence—in exchange for concurrent sentences of 20 years' confinement for the first offense and five years' confinement for each of the remaining two offenses. *See* Tex. Penal Code Ann. §§ 19.02(c), 22.02(a)(2), (b), 37.09(c). As part of his plea-bargain agreements, Mathews waived all pretrial motions and all rights of appeal.

The trial court sentenced Mathews in accordance with the plea-bargain agreements. In each case, the "Trial Court's Certification of Defendant's Right of Appeal" states that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* Tex. R. App. P. 25.2(a)(2), (d). Despite these certifications, Mathews has appealed.

We notified Mathews and his attorney by letter of the trial court's certifications and informed Mathews that unless he filed a response showing grounds for continuing the appeals, we would dismiss them. *See* Tex. R. App. P. 25.2(a)(2), (d), 44.3.

Mathews has filed two pro se responses since we sent our letter, but neither shows grounds for continuing the appeals. Appellate-procedure rule 25.2(a) limits a plea-bargaining defendant's right of appeal to (A) matters that were raised by written motion filed and ruled upon before trial, (B) cases in which the defendant obtained the trial court's permission to appeal, or (C) instances in which the specific appeal is

2

expressly authorized by statute. Tex. R. App. P. 25.2(a)(2). Here, Mathews waived any pretrial motions as part of his plea-bargain agreements, and the trial court did not give him permission to appeal. *See Hall v. State*, Nos. 02-17-00311-CR, 02-17-00312-CR, 02-17-00313-CR, 02-17-00314-CR, 2017 WL 6615888, at *1 (Tex. App.—Fort Worth Dec. 21, 2017, no pet.) (mem. op., not designated for publication). And no statute expressly authorizes these appeals. Therefore, we dismiss the appeals in conformity with the trial court's certifications. *See* Tex. R. App. P. 25.2(a)(2), (d), 43.2(f); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 28, 2019