

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00330-CR

———————————————

VINCE EDWARD HATFIELD, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 415th District Court
Parker County, Texas
Trial Court No. CR23-0388

---

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant Vince Edward Hatfield attempts to appeal from his conviction for possession of a controlled substance (methamphetamine) of less than one gram. Appellant pleaded guilty in exchange for the State's waiving four enhancement paragraphs and recommending a ten-year sentence "with credit as reflected on [the] Judgment." The trial court sentenced Appellant in accordance with the plea recommendation. The trial court signed a certification of Appellant's right to appeal in which it certified that this "is a plea-bargain case, and the defendant has **NO** right of appeal" and that Appellant had "waived the right of appeal." Appellant and his counsel signed the certification. Nonetheless, Appellant filed a notice of appeal.

On September 18, 2024, we sent a letter to Appellant and his appointed counsel informing them of the statements in the certification and explaining that unless Appellant filed a response showing grounds for continuing the appeal by September 30, 2024, the appeal could be dismissed. *See* Tex. R. App. P. 25.2(a)(2), (d), 44.3. We received a response on December 2, 2024, and decided to continue the appeal and to obtain the record.

The record has now been filed. After reviewing the record, it is clear that there was a plea bargain. Thus, in accordance with the trial court's certification that Appellant has no right to appeal, we dismiss the appeal. *See* Tex. R. App. P. 25.2(d), 43.2(f); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *Carter v. State*, No.

02-15-00243-CR, 2015 WL 6394158, at *1 (Tex. App.—Fort Worth Oct. 22, 2015, no pet.) (per curiam) (mem. op., not designated for publication).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: February 20, 2025