

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00214-CR

_____

JOHN STEVEN KOUTSOUFIS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from County Criminal Court No. 5
Tarrant County, Texas
Trial Court No. 1854283

---

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

Appellant John Steven Koutsoufis, proceeding pro se, attempts to appeal the trial court's order of deferred adjudication based on his plea bargain with the State. We dismiss this appeal.

Appellant pleaded guilty and judicially confessed to committing a terroristic threat of his family or household. *See* Tex. Penal Code Ann. § 22.07(a), (c)(1). As part of his plea, Appellant waived many rights, including his right to appeal, and he admitted the following: he was "mentally competent"; he "fully understood each of the [c]ourt's admonishments and . . . these waivers"; he was "aware of the consequences of [his] plea"; his guilty plea was "knowingly, freely, and voluntarily entered"; and "[n]o one ha[d] threatened, coerced, forced, persuaded, or promised [him] anything in exchange for [his] plea."

In exchange for Appellant's guilty plea and waivers, the State recommended that Appellant be placed on deferred-adjudication community supervision for 15 months. The trial court found that Appellant was mentally competent; had been represented by competent counsel; understood the nature of the charges against him; had been warned of and understood the consequences of pleading guilty; and had "freely, voluntarily, knowingly, and intelligently" made his guilty plea and waivers. Following the State's recommendation, the trial court signed an order deferring an adjudication of guilt and placed Appellant on community supervision for 15 months.

The trial court's certification of appeal provides that "this criminal case . . . is a plea-bargain case, and the defendant has NO right of appeal." *See* Tex. R. App. P. 25.2(a)(2), (d). Accordingly, we informed Appellant by letter that his appeal was subject to dismissal based on the trial court's certification unless he or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal.

Appellant responded, asserting the following summary grounds for appeal:

- "[v]iolation of [c]onstitutional [r]ights," including the denial of due process;

- "[c]oerced [p]lea";

- "[i]neffective assistance of counsel";

- "[i]nsufficient evidence";

- "[p]rosecutorial misconduct" (including malicious prosecution, withholding exculpatory evidence, improper arguments, and "[o]ver[]inflated" charges), which he stated required the trial judge's and prosecutor's "recus[als]";

- "[s]entencing errors";

- "[d]eferred adjudication was not explained to [Appellant]";

- "[Appellant] has disabilities under ADA [f]ederal [l]aw"; and

- "NEWLY DISCOVERED EVIDENCE."[1]

---

[1]Appellant has since submitted a copy of his victim's affidavit of nonprosecution and letters from a doctor and a licensed professional counselor—all of which predate his plea agreement—along with an undated letter from his victim (acknowledged by a notary public on July 28, 2025). In sum, these documents seek to

When a trial court follows a plea bargain, the defendant may appeal only (1) those issues that were raised in written motions filed and disposed of before trial or (2) with the trial court's permission. Tex. R. App. P. 25.2(a)(2); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006). Neither circumstance is present here.

Accordingly, we dismiss this appeal. *See* Tex. R. App. P. 25.2(a)(2), 43.2(f); *Chavez*, 183 S.W.3d at 680; *see, e.g.*, *McMurtrey v. State*, No. 02-17-00031-CR, 2017 WL 1536235, at *1 (Tex. App.—Fort Worth Apr. 27, 2017, no pet.) (mem. op., not designated for publication).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 7, 2025

---

contradict or explain away what he otherwise signed in his judicial confession as part of his plea agreement.