

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
## FORT WORTH

NOS.  2-10-213-CR
2-10-214-CR
2-10-215-CR

RONALD DAVID SUTHERLAND                APPELLANT

V.

THE STATE OF TEXAS                        STATE

------------

## FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Pursuant to a plea bargain, Appellant Ronald David Sutherland pleaded guilty to three separate offenses of burglary of a building.  *See* Tex. Penal Code Ann. § 30.02 (Vernon 2003).  The trial court sentenced Appellant to fifteen years' confinement for each offense with the sentences to run concurrently.

---

[1] *... See* Tex. R. App. P. 47.4.

The trial court's certifications of Appellant's right of appeal state that "the defendant has waived the right of appeal." On June 10, 2010, Appellant filed a pro se notice of appeal. Concerned that we did not have jurisdiction over these appeals, we sent a letter to Appellant requesting a response by June 25, 2010, showing grounds for continuing the appeals. On June 24, 2010, Appellant filed a pro se response contending that he did not waive his right to appeal because he raised matters by a written pro se motion filed with the trial court the day of his guilty plea. *See* Tex. R. App. P. 25.2(a)(2). However, the trial court clerk has no record of any such motion filed by Appellant.

Rule 25.2(a)(2) limits the right to appeal in a plea bargain case to those matters that were raised by written motion filed and ruled on before trial or to those cases in which the appellant obtained the trial court's permission to appeal. *See* Tex. R. App. P. 25.2(a)(2)(A), (B); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal. Here, Appellant had no right of appeal because he was sentenced pursuant to the agreed terms of a plea bargain and did not satisfy either of the exceptions stated in Rule 25.2(a)(2)."). Therefore, in accordance with the trial court's certification that this is a plea bargain case

and that Appellant has no right to appeal, we dismiss the appeals "without further action." *See* Tex. R. App. P. 25.2(a)(2), 43.2(f); *Chavez*, 183 S.W.3d at 680.

PER CURIAM

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 29, 2010