02-12-146-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00146-CR

 

 


 
 
 Weldon Eugene Shelton
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

----------

FROM THE 432nd
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Pursuant
to a plea bargain, Weldon Eugene Shelton pled guilty to
possession of less than one gram of methamphetamine.  The trial court’s
certification of appellant’s right to appeal states that this “is a plea-bargain case, and the defendant has NO right of appeal.”

On
April 10, 2012, we sent the parties a letter notifying them that the appeal could
be dismissed unless any party filed a response showing grounds
for continuing the appeal.  See Tex. R. App. P. 25.2(d), 43.2(f).  Appellant
filed a pro se response contending that he had filed a pretrial motion to
suppress, which he was trying to appeal.  But his appointed counsel filed a
response conceding that appellant has no right of appeal.

Appellant’s
response does not show grounds for continuing the appeal.  Rule 25.2(a)(2)
provides that a plea-bargaining defendant may appeal only
matters that were raised by written motion filed and ruled on before
trial.  Tex. R. App. P. 25.2(a)(2); Chavez v. State, 183 S.W.3d 675, 680
(Tex. Crim. App. 2006) (requiring appellate courts to dismiss
prohibited appeal without further action, regardless of basis for appeal). 
There is no order from the trial court ruling on appellant’s motion.[2] 
Moreover, appellant signed written plea admonishments in which he waived any
right of appeal.  Thus, we dismiss the appeal.  See
Tex. R. App. P. 25.2(d), 43.2(f); Chavez, 183 S.W.3d at 680.

 

 

PER CURIAM

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  June 14, 2012









[1]See Tex. R. App. P. 47.4.





[2]Appellant waived a
reporter’s record.