

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00511-CR

MIGUEL GARCIA                                                          APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
## TRIAL COURT NO. 1380808D

----------

## MEMORANDUM OPINION[1]

----------

As part of a plea-bargain agreement, appellant pled guilty to possessing less than one gram of cocaine.[2]   The trial court deferred adjudication of

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Health & Safety Code Ann. § 481.115(b) (West 2010).   On appellant's plea paperwork, the initials "MG" appear close to a paragraph stating, "If you are not a citizen of the United States of America, a plea of guilty or *nolo contendere* for this offense may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law."   The

appellant's guilt and placed him on community supervision, with several conditions, for three years. The court entered a certification stating that appellant had entered into a plea bargain and had "NO right of appeal." Appellant and his counsel signed the certification. Nonetheless, appellant brought this appeal.

On December 30, 2014, we sent appellant a letter stating that we had received the certification and informing him that unless he filed a response showing grounds for continuing the appeal, we could dismiss it. *See* Tex. R. App. P. 25.2(d), 44.3. Appellant has not responded. Therefore, we dismiss the appeal. *See* Tex. R. App. P. 25.2(a)(2), (d), 43.2(f); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).


PER CURIAM

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 26, 2015

---

initials also appear close to a paragraph affirming that appellant was satisfied with his counsel's representation. Later, appellant filed a motion for new trial stating, "At no time did [appellant] receive any advice or counsel prior to his plea concerning the issues and consequences he certainly faced as a non-citizen of the U.S."