

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00368-CR

ALBERTO RUIZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 69th District Court
Moore County, Texas
Trial Court No. 4976, Honorable Ron Enns, Presiding

March 4, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Before the court is a motion for voluntary dismissal, filed by counsel for appellant Alberto Ruiz. In its certification of appellant's right of appeal pursuant to appellate rule 25.2(a)(2), the trial court stated that appellant's case was a plea-bargain case and appellant had no right of appeal. By letter of February 26, 2015, we notified counsel that unless an amended certificate indicating appellant had the right of appeal was filed by March 17, the appeal would be dismissed.

The motion for voluntary dismissal is signed only by appellant's counsel. The motion states appellant was deported, remains outside the United States and thus is unable to sign the motion for voluntary dismissal, as required by appellate rule 42.2(a). In the motion, counsel acknowledges that appellant is unable to obtain a certification he has a right of appeal.

The motion continues by stating that since involuntary dismissal is imminent under rule 25.2(d), counsel requests for purposes of expediency that we invoke appellate rule 2, suspend rule 42.2(a)'s requirement that appellant sign the motion, and dismiss the appeal.

The requirement that the appellant in a criminal case sign a motion for voluntary dismissal of the appeal is expressly stated in the rules that govern our practice, and we do not lightly suspend it. We decline to do so in this case. The motion before us gives no indication appellant is aware of its filing or authorizes dismissal of his appeal. We therefore deny the motion for voluntary dismissal.

However, because appellant has not obtained an amended certificate indicating a right of appeal, and has acknowledged his inability to do so, we will dismiss the appeal under appellate rule 25.2(d). *See* TEX. R. APP. P. 25.2(d) ("The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules"); *Chavez v. State,* 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the

appeal"); TEX. R. APP. P. 43.2(f) (a court of appeals may render judgment dismissing the appeal). For that reason, the appeal is dismissed.


James T. Campbell
Justice


Do not publish.