

## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-16-00321-CR

JEFFREY ENGLE                                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

FROM THE 431ST DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. F15-2721-431

----------

## MEMORANDUM OPINION[1]

----------

On May 16, 2016, as part of a plea-bargain agreement, Appellant Jeffrey Engle pleaded guilty to the third-degree felony offense of assault on a family member, enhanced to a second-degree felony offense. Tex. Penal Code Ann. §§ 12.42(a), 22.01(a)–(b) (West Supp. 2016). In accordance with the agreement, the trial court sentenced Appellant to eight years' confinement with no fine. The

---

[1]See Tex. R. App. P. 47.4.

trial court certified that Appellant had no right to appeal. *See* Tex. R. App. P. 25.2(a)(2).

On August 17, Appellant filed a pro se notice of appeal in the trial court. *See* Tex. R. App. P. 26.2(a). On August 23, we notified Appellant's trial counsel and Appellant that Appellant had filed a pro se notice of appeal, that the notice appeared to have been filed untimely, that the trial court had certified that Appellant had no right to appeal, and that we would dismiss the appeal unless Appellant or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal no later than September 2. *See* Tex. R. App. P. 25.2(d), 26.2(a), 44.3.

Appellant responded and pointed out that he had filed a pro se letter with the trial court on June 13 that requested a "new hearing," rendering his August 17 notice of appeal timely filed. *See* Tex. R. App. P. 26.2(a)(2). Appellant also attached an April 10, 2015 court-setting document for cause number F-2014-1078-F, which noted that the State was recommending a six-year sentence in exchange for Appellant's guilty plea to "AFV Impede Breath" and that the recommendation would remain "open" until May 15, 2015. Appellant argued that this document shows the punishment ultimately imposed exceeded the punishment recommended by the State and agreed to by Appellant, entitling him to appeal his eight-year sentence. *See* Tex. Code Crim. Proc. Ann. art. 44.02 (West 2006); Tex. R. App. P. 25.2(a). But the indictment in F-2014-1078-F was dismissed in early 2016 after the State re-indicted Appellant in the instant cause

2

number.  The plea-bargain documents signed at the time of Appellant's guilty plea in the instant cause number reflect that the State recommended a sentence of eight years' confinement with no fine in exchange for Appellant's guilty plea to the indicted offense.  This was the sentence imposed by the trial court.

Appellant's trial counsel also responded, filing a motion to withdraw and noting that the trial court's certification divested this court of any jurisdiction over Appellant's attempted appeal.  Indeed, the record before this court does not show that Appellant's sentence exceeded the State's recommendation, that Appellant desires to appeal a matter that was raised by written motion filed and ruled on before trial, or that the trial court granted Appellant permission to appeal. *See* Tex. Code Crim. Proc. Ann. art. 44.02; Tex. R. App. P. 25.2(a)(2).  Thus, in accordance with the trial court's certification, we dismiss this appeal.  *See* Tex. R. App. P. 25.2(d), 43.2(f); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).  Because we have no jurisdiction to address anything other than the effect of the trial court's certification, we take no action on counsel's motion to withdraw.  *See Chavez*, 183 S.W.3d at 680 ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action . . . .").

3

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; GABRIEL and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 22, 2016