

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00031-CR

CHAD EUGENE MCMURTREY                APPELLANT

V.

THE STATE OF TEXAS                    STATE

----------

### FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
### TRIAL COURT NO. 1452242D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Chad Eugene McMurtrey attempts to appeal from the trial court's judgment based on his plea bargain with the State. We dismiss this appeal.

Appellant pled guilty and judicially confessed to possessing less than a gram of a controlled substance—methamphetamine, a state jail felony. *See* Tex. Health & Safety Code Ann. §§ 481.102(6) (providing methamphetamine is a

---

[1]*See* Tex. R. App. P. 47.4.

Penalty Group 1 substance), .115 (providing possession of a Penalty Group 1 substance is a state jail felony if the amount possessed, including adulterants or dilutants, weighs less than a gram) (West 2010). Appellant waived many rights, including his right to appeal, and he admitted that he was "mentally competent"; that his guilty plea was "knowingly, freely, and voluntarily entered"; and that "[n]o one . . . threatened, coerced, forced, persuaded or promised [him] anything in exchange for [his] plea." His trial counsel signed a statement that he was satisfied that Appellant was "legally competent."

In exchange for Appellant's guilty plea and waivers, the State recommended a sentence of one year's confinement in a state jail facility and a waiver of the sentencing enhancement allegation. *See* Tex. Penal Code Ann. §§ 12.35(a)–(b) (providing that the range of confinement for a state jail felony is 180 days to two years and the sentence may include a fine up to $10,000), .425(a) (providing a defendant convicted of a state jail felony shall be punished for a third-degree felony upon a showing that he has two prior state jail felony convictions) (West Supp. 2016).

The trial court found Appellant "mentally competent" and followed the terms of the bargain. The trial court's certification of appeal provides that this is a plea-bargained case and Appellant has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2), (d). Accordingly, we informed Appellant by letter that this appeal was subject to dismissal based on the trial court's certification unless he or any party desiring to continue the appeal filed a response showing grounds for continuing

the appeal.

In his response, Appellant claims that

- he was coerced into pleading guilty;

- his civil rights were violated; and

- he was exploited and abused because of his alleged mental health issues.

When the trial court follows a plea bargain, the defendant may appeal only (1) those issues that were raised in written motions filed and disposed of before trial or (2) with the trial court's permission. Tex. R. App. P. 25.2(a)(2); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006). Neither circumstance is present here.

Accordingly, we dismiss this appeal. *See* Tex. R. App. P. 25.2(a)(2), 43.2(f); *Chavez*, 183 S.W.3d at 680.

PER CURIAM

PANEL: PITTMAN, J.; LIVINGSTON, C.J.; and WALKER, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 27, 2017

3