

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00426-CR
### NO. 02-16-00427-CR
### NO. 02-16-00428-CR
### NO. 02-16-00429-CR
### NO. 02-16-00430-CR

CHARLESTON LAMON MOODY            APPELLANT

V.

THE STATE OF TEXAS            STATE

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NOS. 1435754D, 1435752D, 1435751D, 1435750D, 1435749D

----------

## MEMORANDUM OPINION[1]

----------

In May 2017, we abated these appeals from appellant Charleston Lamon Moody's convictions for aggravated assault. In our abatement order, we stated that we had reviewed the records in these appeals and that we were concerned

---

[1]See Tex. R. App. P. 47.4.

about whether the appeals required dismissal because appellant had entered into a plea bargain in each case. We explained that in each case, appellant had pled guilty to aggravated assault in an apparent exchange for the State's waiver of a more potentially-punitive charge of engaging in organized criminal activity. We asked the trial court to consider amending its prior certifications of appellant's right to appeal, which all reflected that appellant had not entered into a plea bargain and therefore had the right of appeal.

Upon abatement, the trial court held a hearing in which the State and appellant's trial counsel agreed that he had entered into a plea bargain in each of these cases by pleading guilty to aggravated assault in exchange for the State's waiver of each allegation of engaging in organized criminal activity. Following that hearing, in each case, the trial court signed an amended certification of appellant's right to appeal that stated that appellant had entered into a plea bargain and had "NO right of appeal."

An appeal "must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record." Tex. R. App. P. 25.2(d). Under rule of appellate procedure 25.2, we must "dismiss a prohibited appeal without further action, regardless of the basis for the appeal." *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006). Because the trial court has certified that appellant has no right of appeal, we dismiss these appeals. *See* Tex. R. App. P. 25.2(a)(2), (d), 43.2(f); *Chavez*, 183 S.W.3d at 680; *Serrell v.*

2

*State*, No. 02-16-00219-CR, 2016 WL 6648757, at *1 (Tex. App.—Fort Worth Nov. 10, 2016, no pet.) (mem. op., not designated for publication).

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 20, 2017