

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**

**FORT WORTH**

## NO. 02-17-00159-CR

BRANDON JAY DOUTHITT                                    APPELLANT

V.

THE STATE OF TEXAS                                          APPELLEE

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

TRIAL COURT NO. 1468978D

----------

## MEMORANDUM OPINION[1]

----------

On May 9, 2017, as part of a plea-bargain agreement, appellant Brandon Jay Douthitt pleaded guilty to burglary of a habitation. *See* Tex. Penal Code Ann. § 30.02 (West 2011). In accordance with the agreement, the trial court

---

[1]*See* Tex. R. App. P. 47.4.

sentenced Appellant to three years' confinement. The trial court certified that Appellant had no right to appeal. *See* Tex. R. App. P. 25.2(a)(2).

On May 17, Appellant filed a pro se notice of appeal in the trial court. *See* Tex. R. App. P. 25.2(c), 26.2. On May 24, we notified Appellant that the trial court had certified that he had no right to appeal and that we would dismiss his appeal unless Appellant or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal. *See* Tex. R. App. P. 25.2(d), 44.3. Appellant responded, asserting that his sentence should have been ordered to run concurrently with a sentence he was already serving at the time of the instant conviction.[2] He also argued that his attorney's failure to seek a concurrent sentence was constitutionally ineffective assistance.

The record does not show that Appellant's sentence exceeded the State's recommendation, that Appellant desires to appeal a matter that was raised by written motion filed and ruled on before trial, or that the trial court granted Appellant permission to appeal. *See* Tex. R. App. P. 25.2(a)(2). Thus, in accordance with the trial court's certification, we dismiss this appeal. *See* Tex. R. App. P. 25.2(d), 43.2(f); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

---

[2]We note that the judgment credited Appellant with eight months of confinement and does not include language authorizing the three-year sentence to run consecutively. *See, e.g.*, Tex. Code Crim. Proc. Ann. art. 42.08 (West Supp. 2016).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  GABRIEL, SUDDERTH, and KERR, JJ.

DELIVERED:  July 20, 2017