

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00482-CR

———————————————

ROBERT EUGENE GHERING, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1552129D

---

Before Gabriel, Kerr, and Pittman, JJ.
Memorandum Opinion by Justice Gabriel

## MEMORANDUM OPINION

Pursuant to a plea-bargain agreement, the trial court found appellant Robert Eugene Ghering guilty of the offense of unauthorized use of a vehicle and sentenced him to the two-year term of confinement the prosecutor recommended and Ghering agreed to. The trial court also completed a certification of Ghering's right of appeal, which Ghering signed, indicating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* Tex. R. App. P. 25.2(a)(2), (d). Ghering has filed a pro se notice of appeal.

We notified Ghering and his court-appointed trial counsel that we had concerns regarding our jurisdiction over this appeal given the trial court's certification. We further said that we would dismiss this appeal unless we received a response showing grounds to continue it. *See* Tex. R. App. P. 25.2(a)(2), (d), 44.3. Ghering filed a pro se response, but it does not show grounds for continuing the appeal. We were then notified that after Ghering filed his pro se response, the trial court appointed appellate counsel for him. Ghering's appointed appellate counsel also responded to our jurisdictional concerns, stating her opinion that "the trial court's certification was correct, that this is a plea-bargain case with no right of appeal, and that there are no grounds for continuing this direct appeal."

Rule of appellate procedure 25.2 limits a criminal defendant's right of appeal in a plea-bargain case to matters that were raised by written motion filed and ruled upon before trial or to cases in which the appellant obtained the trial court's permission to

2

appeal. Tex. R. App. P. 25.2(a)(2). Here, the trial court's certification does not show that Ghering obtained the trial court's permission to appeal, and his pro se response includes no indication that he intends to challenge a pretrial ruling on a written motion filed and ruled on before trial. Accordingly, we dismiss the appeal. *See* Tex. R. App. P. 25.2(d), 43.2(f); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

/s/ Lee Gabriel
Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 14, 2019

3