

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00081-CR
No. 02-19-00082-CR
No. 02-19-00083-CR
No. 02-19-00084-CR
No. 02-19-00085-CR
No. 02-19-00086-CR
No. 02-19-00087-CR
No. 02-19-00088-CR
No. 02-19-00089-CR

———————————————————

TRAY DEMOND GAMBLES, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court Nos. 1527164D, 1527073D, 1525626D, 1525624D, 1525310D,
1525308D, 1525307D, 1525306D, 1525304D

---

Before Pittman, Birdwell, and Bassel, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Appellant Tray Demond Gambles attempts to appeal the trial court's nine judgments that are based on his plea bargains with the State. We dismiss these appeals.

Appellant agreed to plead guilty to eight separately charged counts of aggravated robbery, *see* Tex. Penal Code Ann. § 29.03(a), (b), a first-degree felony, *id.* § 12.32, in exchange for the State's offer of a twenty-year prison sentence for each offense, and he agreed to plead guilty to one count of aggravated assault with a deadly weapon, a second-degree felony, *see id.* § 22.02(a)(2), (b), in exchange for the State's offer of a ten-year sentence. Appellant judicially confessed, admitted that the deadly-weapon allegation for each offense was true, and waived all pretrial motions and all rights of appeal. The trial court's certification in each case provides that the case is plea-bargained and Appellant has no right of appeal; each certification also provides that Appellant waived all rights of appeal. *See* Tex. R. App. P. 25.2(a)(2), (d).

Accordingly, we informed Appellant by letter that his appeals would be subject to dismissal based on the trial court's certifications unless he or any party desiring to continue the appeals filed a response showing grounds for continuing them. We have received no response.

Rule 25.2(a) allows a plea-bargaining defendant to appeal only matters raised by written motion and ruled on before trial or only with the trial court's permission. Tex. R. App. P. 25.2(a)(2). Appellant waived any pretrial motions as part of his bargain in

2

each case, and the trial court did not give him permission to appeal. Appellant therefore has no right of appeal. *See* Tex. R. App. P. 25.2(a), (d). Further, this court has no authority to do anything but dismiss the appeals. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

Thus, we dismiss these appeals in conformity with the trial court's certifications of appeal. *See* Tex. R. App. P. 25.2(d), 43.2(f).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: May 9, 2019