

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00278-CR

_____

RANDY JOE CAMP, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1578449D

Before Bassel, J.; Sudderth, C.J.; and Womack, J.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant Randy Joe Camp attempts to appeal a judgment that was based on his plea bargain with the State. We dismiss this appeal.

Appellant agreed to plead guilty to possession of methamphetamine of one gram or more in exchange for the State's offer of a seven-year prison sentence and the State's waiving the habitual-offender notice. *See* Tex. Health & Safety Code Ann. § 481.115(c). Appellant judicially confessed, admitted that the enhancement paragraph was true, and waived all pretrial motions and all rights of appeal. The trial court's certification provides that the case is plea-bargained and that Appellant has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2), (d).

Accordingly, on July 18, 2019, we informed Appellant by letter that his appeal would be subject to dismissal based on the trial court's certification unless he or any party desiring to continue the appeal filed a response by July 29, 2019, showing grounds for continuing it. On August 1, 2019, Appellant filed a motion for extension concurrently with a "Motion for Permission to [F]ile Petition for Discretionary Review." Appellant's response does not show grounds for continuing the appeal.

Rule 25.2(a) allows a plea-bargaining defendant to appeal only matters raised by written motion and ruled on before trial or only with the trial court's permission. Tex. R. App. P. 25.2(a)(2). Appellant waived any pretrial motions as part of his bargain, and the trial court did not give him permission to appeal. Appellant therefore has no right of appeal. *See* Tex. R. App. P. 25.2(a), (d). Further, this court has no authority

to do anything but dismiss the appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

Thus, we dismiss this appeal in conformity with the trial court's certification of appeal. *See* Tex. R. App. P. 25.2(d), 43.2(f).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 15, 2019