

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00393-CR

**SAMUEL ELBERT WINSTEAD,**

                                                              **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                              **Appellee**

### From the 85th District Court
### Brazos County, Texas
### Trial Court No. 14-03376-CRF-85

## MEMORANDUM  OPINION

Appellant Samuel Elbert Winstead was convicted of the offense of possession of between one and four grams of a controlled substance in the 85th Judicial District Court of Brazos County, Texas.  Winstead's sentence was imposed and the judgment was signed on October 3, 2014.  A nunc pro tunc judgment was signed on January 22, 2014 and filed on January 28, 2016.  The trial court additionally signed a Certification of Defendant's Right of Appeal on October 3, 2014, indicating that this is a plea bargain case and that Winstead waived his right to appeal.  Winstead's notice of appeal was filed on

October 31, 2019, apparently more than three years after the entry of the nunc pro tunc judgment.

We must dismiss an appeal "without further action, regardless of the basis for the appeal" if the trial court's certification shows there is no right to appeal.  *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003) (holding that an appellant who has executed a waiver of appeal, whether negotiated or non-negotiated, could not appeal without securing the permission of the trial court).  Accordingly, the appeal is dismissed.

Notwithstanding that we are dismissing this appeal, Winstead may file a motion for rehearing with this Court within fifteen (15) days after the judgment of this Court is rendered.  *See* TEX. R. APP. P. 49.1.  If Winstead desires to have the decision of this Court reviewed by filing a petition for discretionary review, that petition must be filed with the Court of Criminal Appeals within thirty (30) days after either the day this Court's judgment is rendered or the day the last timely motion for rehearing is overruled by this Court.  *See* TEX. R. APP. P. 68.2(a).

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
Dismissed
Opinion delivered and filed November 27, 2019
Do not publish
[CR25]

