

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00388-CR
No. 02-19-00389-CR

_____

ROBERT E. COLLINS II, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 78th District Court
Wichita County, Texas
Trial Court Nos. 55,989-B, 59,144-B

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

Appellant Robert E. Collins II, appearing pro se on appeal, attempts to appeal his convictions for aggravated promotion of prostitution, conspiracy to commit aggravated promotion of prostitution, compelling prostitution of a victim under seventeen years of age, trafficking of a person, and "Bail Jumping and Fail to Appear Felony." Appellant pleaded guilty to each offense pursuant to plea bargains, and the trial court sentenced him on each offense in accordance with the plea bargains.

Consistent with Appellant's pleas, the "Trial Court's Certification of Defendant's Right of Appeal" in each case states that "the defendant has waived the right of appeal." *See* Tex. R. App. P. 25.2(a)(2). Based on the certifications, we notified Appellant that his appeals would be dismissed unless, within ten days, he or any party desiring to continue the appeals filed a response showing grounds for continuing these appeals. *See* Tex. R. App. P. 25.2(a)(2), (d), 44.3. Appellant filed a response challenging the voluntariness of his pleas, and we requested the record.

At the hearing on the plea bargains, Appellant seemed hesitant to enter his guilty pleas and to agree that he had waived his right to appeal in each case, but the record does not contain any reasons for Appellant's hesitation. Rather, Appellant went on to expressly acknowledge that he had waived his right to appeal as part of each plea bargain, and the record contains waivers signed by Appellant. Therefore, it appears that the waiver of appeal in each case is valid. *See Monreal v. State*, 99 S.W.3d 615, 617 (Tex. Crim. App. 2003) (stating that a valid waiver of the right to appeal

2

must be made voluntarily, knowingly, and intelligently).  A valid waiver will prevent the defendant from appealing any issue unless the trial court consents to the appeal. *Id.*  Here, the trial court did not give Appellant permission to appeal.  Appellant therefore has no right of appeal.  *See* Tex. R. App. P. 25.2(a)(2), (d).

Accordingly, we dismiss these appeals in conformity with the trial court's certifications.  *See* Tex. R. App. P. 25.2(d), 43.2(f); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).  Along with the appeals, we dismiss all pending motions.[1]

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  March 12, 2020

---

[1]Prior to our receipt of the record, Appellant filed a motion to withdraw his guilty pleas, and the following month, he filed a "Notice to Dismiss" his appeals.

3