

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00025-CR
No. 02-22-00026-CR

———————————————

REYNARD BEVERLY, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court Nos. 1658659D, 1658660D

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

In two trial court cause numbers, Reynard Beverly entered an open plea[1] of guilty to aggravated assault with a deadly weapon pursuant to a charge bargain under which the State waived a second count of deadly conduct. *See Harper*, 567 S.W.3d at 455 (defining charge bargain). These bargains are reflected in the trial court's second amended certification[2] of Beverly's right of appeal. The certification shows that each case is a plea-bargain case for which Beverly has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2), (d)–(e).

We notified the parties that we lack jurisdiction over the appeals based on the trial court's certification and stated that unless any party filed a response showing grounds for continuing the appeals, we would dismiss them. Although we gave the parties the opportunity to show why this court has jurisdiction over the appeals, we received no response. *See* Tex. R. App. P. 44.3. Therefore, we dismiss both of

---

[1]The term "open plea" is often utilized to refer to a myriad of different types of pleas that a defendant might enter but sometimes is a misnomer. *See Harper v. State*, 567 S.W.3d 450, 454 (Tex. App.—Fort Worth 2019, no pet.) (discussing the use of the term "open plea" in the various settings it has been used, interpreted, and reviewed and whether it should be used at all). Here, Beverly entered his plea without the benefit of an agreement with the prosecutors regarding sentencing (a sentencing bargain). Rather, Beverly's punishment was left for the trial court to decide. We use the term "open plea" in this case because that is how the plea is referred to in the trial court's written plea admonishments and the trial court's judgments.

[2]The trial court signed a single certification that noted it applied to both cause numbers.

Beverly's appeals. *See* Tex. R. App. P. 25.2(a)(2), 43.2(f); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 31, 2022