

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00618-CR

Richard **LARES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-10110
Honorable Frank J. Castro, Judge Presiding

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
              Liza A. Rodriguez, Justice
              Lori I. Valenzuela, Justice

Delivered and Filed: October 18, 2023

DISMISSED

On August 10, 2009, Richard Lares pled nolo contendere to aggravated sexual assault of a child pursuant to a plea-bargain agreement. The trial court sentenced Lares to thirty years in prison and a $1,500.00 fine in accordance with the terms of the plea-bargain agreement. Thereafter, the trial court signed a judgment of conviction.

On June 2, 2023, the trial court signed a judgment nunc pro tunc correcting a time credit error in the judgment. On June 20, 2023, Lares filed a notice of appeal from the judgment nunc pro tunc. Thereafter, the trial court signed a certification of defendant's right to appeal stating that

this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2).

"In a plea bargain case ... a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." *Id*. 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by Lares. *See id*. Furthermore, the clerk's record does not include a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave its permission to appeal. *See id*. Thus, the trial court's certification appears to accurately reflect that this is a plea-bargain case and that Lares does not have a right to appeal pursuant to Rule 25.2. *See id.* We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d).

We informed Lares that this appeal would be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d) unless an amended trial court certification showing that he had the right to appeal was made part of the appellate record on or before October 6, 2023. *See* TEX. R. APP. P. 25.2(d), 37.1. No amended trial court certification has been filed. Accordingly, this appeal is dismissed pursuant to Rule 25.2(d). *See* TEX. R. APP. P. 25.2(d); *Blanton v. State*, No. 05-09-00758-CR, 2013 WL 3874519, at *2 (Tex. App.—Dallas July 24, 2012, pet. ref'd) (not designated for publication) (dismissing, under Rule 25.2(a)(2), an appeal from a nunc pro tunc judgment correcting the judgment in a plea-bargain case); *see also Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an

appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

PER CURIAM

DO NOT PUBLISH