

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-26-00128-CR

———————————————

SIVI DEDE, Appellant

V.

THE STATE OF TEXAS

On Appeal from 297th District Court
Tarrant County, Texas
Trial Court No. 1793521

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Appellant Sivi Dede[1] was charged by indictment with five counts of aggravated assault with a deadly weapon. *See* Tex. Penal Code § 22.02(a)(2). Pursuant to a charge bargain, Appellant entered open pleas of guilty to only two counts of that indictment.[2] *See id.* Under the bargain, the State agreed to waive the three other counts. This agreement is reflected in the trial court's certification of Appellant's right of appeal, which shows that this is a plea-bargain case for which Appellant has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2), (d)–(e); *see also Marsh v. State*, No. 02-21-00150-CR, 2023 WL 2178406, at *3 (Tex. App.—Fort Worth Feb. 23, 2023, no pet.) (mem. op., not designated for publication) (reiterating that charge bargains qualify as plea bargains under Tex. R. App. P. 25.2(a)(2)).

On April 16, 2026, we notified Appellant by letter that the trial court's certification of his right of appeal states that this is a plea-bargain case and that he has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2). We warned Appellant that unless

---

[1] The plea admonishments and the notice of appeal refer to Appellant as Sindi Dede, but the judgments of conviction refer to him as Sivi Dede Sindi Dede.

[2] The term "open plea" is often utilized to refer to a myriad of different types of pleas that a defendant might enter, but it is sometimes a misnomer. *See Harper v. State*, 567 S.W.3d 450, 454–55 (Tex. App.—Fort Worth 2019, no pet.) (discussing the use of the term "open plea" in the various settings it has been used, interpreted, and reviewed and whether it should be used at all). We use the term "open plea" in this case because that is how the plea is referred to in the trial court's written plea admonishments and in the trial court's judgments. Here, Appellant entered his pleas without the benefit of an agreement with the State regarding sentencing (a sentencing bargain). Rather, Appellant's punishment was left for the trial court to decide.

he filed a response showing grounds for continuing the appeal, this appeal could be dismissed. *See* Tex. R. App. P. 25.2(d), 44.3. Appellant filed a response, but it does not show grounds for continuing this appeal.

Rule 25.2(a) allows a plea-bargaining defendant to appeal only (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute. Tex. R. App. P. 25.2(a)(2). Appellant does not identify any written pretrial motions that he wishes to appeal, the trial court did not give him permission to appeal, and the appeal is not expressly authorized by statute. *See id.* Appellant therefore has no right of appeal. *See* Tex. R. App. P. 25.2(a), (d). Further, this court has no authority to do anything but dismiss the appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

In accordance with the trial court's certification, we dismiss Appellant's appeal. *See* Tex. R. App. P. 25.2(d), 43.2(f); *see, e.g.*, *Menendez v. State*, No. 02-24-00033-CR, 2024 WL 1207297, at *1 (Tex. App.—Fort Worth Mar. 21, 2024, no pet.) (per curiam) (mem. op., not designated for publication).

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: May 21, 2026